UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LOFTUS, et al., <br> Plaintiffs, <br> v. <br> SUNRUN INC., et al., <br> Defendants. | Case No. 19-cv-01608-RS (KAW) <br><br> **ORDER DENYING LETTER REQUESTING TELEPHONIC DISCOVERY CONFERENCE** <br><br> Re: Dkt. No. 72 |

On September 10, 2019, Plaintiffs filed a motion for a temporary restraining order against Defendant Media Mix 365, LLC ("Media Mix"), and certain individuals associated with it, to provide discovery responses to Plaintiffs' requests for production and interrogatories. (Pls.' Mot., Dkt. No. 64.) In support, Plaintiffs explained Defendant Media Mix "now claims that it has ceased all operations and cannot continue to operate as a business." (*Id.* at 1 (internal quotation and emphasis omitted).) On September 11, 2019, the presiding judge denied the motion for a temporary restraining order because "[t]his matter does not warrant the extraordinary relief requested," and referred the discovery dispute out. (Dkt. No. 66 at 1.)

On September 23, 2019, Plaintiffs filed a request for a telephonic discovery conference regarding Defendant Media Mix's failure to produce discovery. (Dkt. No. 72.) Plaintiffs stated that they had met and conferred with Defendant Media Mix's counsel, but that counsel could not "proceed substantively" in the case. (*Id.* at 2.) Plaintiffs provided an e-mail from Defendant Media Mix's counsel, in which counsel states: "Media Mix terminated us and we have no client authorization for anything." (Fougner Decl., Exh. A, Dkt. No. 72-2.)

The Court notes that Defendant Media Mix is in default, and that both of Defendant Media Mix's attorneys have moved to withdraw. (Dkt. Nos. 62, 63, 68, 70.) Accordingly, a telephonic

discovery conference does not appear to be productive as Defendant Media Mix cannot meaningfully participate. The Court therefore DENIES Plaintiffs' request for a telephonic discovery conference, and ORDERS Plaintiffs to file a discovery letter, explaining what relief they seek and identifying legal authority that permits Plaintiffs to obtain discovery from a defendant who is in default. The discovery letter shall comply with the undersigned's standing order. (*See* Westmore Standing Order ¶ 14.) Because Defendant Media Mix's counsel have no client authority, however, Plaintiffs need not meet and confer or provide Defendant Media Mix's position.

IT IS SO ORDERED.

Dated: September 24, 2019

KANDIS A. WESTMORE
United States Magistrate Judge