UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LOFTUS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SUNRUN INC., et al.,<br><br>    Defendants. | Case No. 19-cv-01608-RS (KAW)<br><br>**ORDER REGARDING DISCOVERY LETTERS**<br><br>Re: Dkt. No. 75, 76 |

Plaintiffs filed the instant case against Defendants Sunrun Inc. and Media Mix 365, LLC ("Media Mix"), alleging that Defendants had violated the Telephone Consumer Protection Act ("TCPA") through its unsolicited telemarketing. (First Amended Compl. ("FAC") ¶ 1.) Plaintiffs also allege that Defendants violated the California Invasion of Privacy Act ("CIPA") by recording cellular communications without consent. (*Id.*) Defendant Media Mix is now in default. (Dkt. No. 63.)

On September 10, 2019, Plaintiffs filed a motion for a temporary restraining order requiring Defendant Media Mix to provide discovery responses to Plaintiffs' requests for production ("RFPs") and interrogatories. (Dkt. No. 64.) In support, Plaintiffs explained Defendant Media Mix "claims that it has ceased all operations and cannot continue to operate as a business.) (*Id.* at 1 (internal quotation and emphasis omitted).) On September 11, 2019, the presiding judge denied the motion for a temporary restraining order and referred the discovery dispute to the undersigned. (Dkt. No. 66.)

On September 23, 2019, Plaintiffs filed a request for a telephonic discovery conference regarding Defendant Media Mix's failure to provide discovery. (Dkt. No. 72.) The Court denied the motion, explaining that because Defendant Media Mix is in default and its counsel had moved

to withdraw,[1] "a telephonic discovery conference does not appear to be productive as Defendant Media Mix cannot meaningfully participate." (Dkt. No. 73 at 1-2.) The Court ordered Plaintiffs to instead file a discovery letter. (*Id.* at 2.)

On September 27, 2019, Plaintiffs filed a discovery letter seeking Defendant Media Mix's responses to Plaintiffs' RFPs and interrogatories. (Dkt. No. 75.) On October 2, 2019, Plaintiffs filed an amended discovery letter, correcting a typo. (Discovery Letter, Dkt. No. 76.)

Having reviewed the discovery letters, the Court GRANTS Plaintiffs' request for discovery. In general, Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." In deciding whether to allow early discovery, courts apply a good cause standard. *Twitch Interactive, Inc. v. Johnston*, Case No. 16-cv-3404-BLF, 2017 U.S. Dist. LEXIS 44863, at *5 (N.D. Cal. Mar. 27, 2017); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Courts have found good cause "where a defendant has failed to appear, resulting in the entry of default against the defendant . . . ." *Twitch Interactive, Inc.*, 2017 U.S. Dist. LEXIS 44863, at *5. Thus, in *Twitch Interactive, Inc.*, the district court permitted early discovery on the defaulting defendants and third-party entities, explaining that the "proposed areas of discovery are related to the scope of the [defendants'] alleged unlawful activities and the revenue generated by those activities." *Id.* at *8. Such discovery was "reasonably calculated to lead to evidence in support of a motion for default judgment and a request for damages." *Id.* Moreover, the district court acknowledged that the plaintiff "cannot conduct traditional discovery as the [defendants] refused to participate in this action." *Id.*

Here, Defendant Media Mix likewise has defaulted, and its counsel has withdrawn. (*See* Dkt. No. 82.) Thus, absent relief from the court, Plaintiffs will be unable to obtain discovery from Defendant Media Mix. The inability to obtain discovery will not only affect Plaintiffs' case against Defendant Media Mix, but their case against Defendant Sunrun, as Plaintiffs allege that

---

[1] On October 11, 2019, the presiding judge permitted Defendant Media Mix's counsel to withdraw. (Dkt. No. 82.)

2

Defendant Media Mix made illegal telemarketing calls to Plaintiffs on Defendant Sunrun's behalf. (FAC ¶ 90.) To not allow discovery of Defendant Media Mix will therefore also affect Plaintiffs' case against Defendant Sunrun, as Defendant Media Mix may have relevant information pertaining to its co-defendant.

Having reviewed the proposed discovery requests, the Court finds that the discovery is tailored to the facts of the case and causes of action, including identifying the prospective class, establishing the number of TCPA violations, and determining Defendant Sunrun's liability for the telemarketing at issue. Thus, the Court GRANTS Plaintiffs' request and ORDERS Defendant Media Mix to respond to Plaintiffs' discovery within **30 days** of the date of this order, with the below additional requirements for RFP Nos. 45 and 46.

RFP Nos. 45 and 46 seek expert reports and unredacted papers filed by any party in any TCPA case in which Defendant Media Mix was a party. To the extent such requests seek the confidential information of third parties, Defendant Media Mix shall identify for Plaintiffs any documents that contain confidential information. Plaintiffs shall then meet and confer with the third parties to determine whether the information can be produced. If Plaintiffs and third parties are unable to come to an agreement, the third parties shall file a motion for a protective order within **30 days** of the meet and confer. Plaintiffs shall provide a copy of this order to the third parties during the meet and confer process.

IT IS SO ORDERED.

Dated: October 16, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge