# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LOFTUS, SIDNEY NAIMAN, and LOUIS NAIMAN, individually and on behalf of all others similarly situated, | Case No. 3:19-cv-01608-RS |
| | **Hon. Richard Seeborg** |
| Plaintiffs, | |
| v. | |
| SUNRUN INC., and MEDIA MIX 365, LLC, and DOES 1-10, | |
| Defendants. | |

## <u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>

It is hereby stipulated and agreed by and among the undersigned Parties (defined below), subject to the approval of the Court, that the settlement of this Action (defined below) shall be effectuated pursuant to the terms and conditions set forth in this Stipulation and Agreement of Settlement (the "Agreement" or "Settlement Agreement").

## 1.  RECITALS

1.1  *Loftus, et al. v. Sunrun Inc. et al.,* No. 3:19-cv-01608-RS (the "Action"), was filed March 27, 2019, and is currently pending before the Honorable Richard Seeborg of the U.S. District Court for the Northern District of California.  The Complaint in the Action alleges claims against Sunrun Inc. ("Sunrun") and Media Mix 365, LLC ("Media Mix") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* and the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code. § 632.7, alleging that either Sunrun, Media Mix or third parties allegedly acting on one or both of their behalves, placed unsolicited telemarketing calls and/or text messages to Representative Plaintiffs (defined below) and members of the putative class (a) on telephone numbers assigned to wireless subscribers using an automatic telephone

dialing system ("ATDS") or an artificial or prerecorded voice, and/or (b) on telephone numbers on the National Do Not Call Registry ("NDNCR"); and/or (c) caused the recording of such calls.

1.2     Sunrun disputes the allegations in the Complaint and maintains that it complied with the TCPA, CIPA and all applicable laws.  Sunrun also disputes that Media Mix or any other third party placed telephone calls or sent text messages on its behalf, and disputes that Sunrun is liable for calls or texts initiated by third parties.  Sunrun also maintains that if this case were to be litigated, it would not be appropriate for class treatment.  The Parties are entering into this Agreement to avoid the risk and expense of further litigation, to resolve all disputes that have arisen between them, and to settle any and all claims that do or may exist between them.

1.3     This Settlement Agreement is the result of good faith, arm's-length settlement negotiations that took place over many months.  The Parties have exchanged information (including through discovery and third-party discovery); have participated in extensive mediations under the guidance of the Honorable Morton Denlow (Ret.) and the Honorable Wayne Andersen (Ret.); and have had a full and fair opportunity to evaluate the strengths and weaknesses of their respective positions.

1.4     The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.  This Settlement Agreement is inadmissible as evidence against any of the Parties except to enforce the terms of the Settlement Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Settlement Agreement.  The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

1.5     The Parties hereby stipulate and agree that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to approval of the

Court, the Action shall be fully and finally settled and the Action dismissed with prejudice under the following terms and conditions:

**2.**     **DEFINITIONS**

2.1     As used herein, the following terms have the meanings set forth below.

2.1.1  "Action" means the civil action entitled *Loftus, et al. v. Sunrun Inc. et al.,* No. 3:19-cv-01608-RS (N.D. Cal.).

2.1.2  "Agreement" or "Settlement Agreement" means this Stipulation and Agreement of Settlement, including all attached and/or incorporated exhibits.

2.1.3  "Aggregate Fees, Costs, and Expenses" means the aggregate Fee Award, the Settlement Administration Costs and any Incentive Awards awarded by the Court.

2.1.4  "Approved Claim" means a claim submitted by a Settlement Class Member to the Settlement Administrator that is: (a) received by the Settlement Administrator or postmarked on or before the Claims Deadline; (b) fully and truthfully completed by a Settlement Class Member with all information requested in the Claim Form, and in accordance with the instructions set forth on the Claim Form; (c) signed by the Settlement Class Member, physically or electronically; and (d) approved by the Settlement Administrator pursuant to the provisions of this Agreement as a valid claim eligible to receive payment from the Settlement Fund under this Agreement and the Final Approval Order.

2.1.5  "Attorneys' Fees and Costs" means all fees, costs and expenses to be awarded by the Court as per the Settlement of this Action pursuant to the Fee and Cost Application.

2.1.6  "Benefit Check" means the negotiable check(s) to be sent to the Settlement Class Members pursuant to Paragraph 4.2 herein.

2.1.7  "CAFA Notice" means the notice of this Settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and as further described in Paragraph 6.4.

2.1.8  "Claims Deadline" means the date that is ninety (90) days after the Notice Date.

2.1.9  "Cash Benefit" is defined in Paragraph 4.2.1.

2.1.10  "Claim Form" means the document or form to be submitted by a Claimant seeking payment pursuant to this Settlement (either the Direct Mail Notice Claim Form or Publication Claim Form depending on the form of Class Notice received by the Claimant), substantially in the forms set forth in  Exhibit A attached hereto.

2.1.11  "Claimant" means a Settlement Class Member who submits a Claim Form.

2.1.12  "Class Counsel" means Paronich Law, P.C., Broderick Law, P.C., the Law Office of Matthew P. McCue, Fougner Law, and Heidarpour Law Firm, PPC.

2.1.13  "Class Notice" means any type of notice that has been or will be provided to the Settlement Class pursuant to this Agreement and any additional notice that might be ordered by the Court, including but not limited to the Direct Mail Notice, the Long Form Notice and Publication Notice.

2.1.14  "Class Period" means the period from September 1, 2018 through the date of preliminary approval of this Settlement.

2.1.15  "Court" means the U.S. District Court for the Northern District of California.

2.1.16  "Complaint" or "FAC" means the First Amended Complaint For Injunction And Damages filed in the Action.

2.1.17  "Defendants" means the defendants in the Action, Sunrun and Media Mix.

2.1.18  "Defense Counsel" means Sunrun's counsel of record in the Litigation, Kelley Drye & Warren LLP.

2.1.19  "Direct Mail Notice" or the "Short Form Notice" means the written notice that will be mailed and emailed to the Settlement Class Members by the Settlement Administrator and will be substantially in the form of Exhibit B attached hereto.

2.1.20  "Effective Date" means the first date by which all of the following events shall have occurred: (a) the Court has entered the Final Approval Order and Judgment substantially in the form of Exhibit C attached hereto; and (b) the Final Approval Order and Judgment have both become Final.

2.1.21  "Fee Award" means the amount of attorneys' fees and reimbursement of expenses that is ultimately awarded by the Court to be paid out of the Settlement Fund.

2.1.22  "Fee and Cost Application" means that written motion or application by which Plaintiffs and/or Class Counsel request that the Court award Attorneys' Fees and Costs and any Incentive Awards.

2.1.23  "Final" means one business day following the latest of the following events: (i) the expiration of three (3) business days after the time to file a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to file an appeal has passed without any appeal having been taken; and (iii) the resolution of any appeal in a manner that does not reverse or vacate the Judgment and in a manner that permits the consummation of the Settlement substantially in accordance with the terms and conditions of this Agreement.  Any proceeding or order, or any

appeal pertaining solely to any request or portion of an order regarding the Fee Award will not in any way delay or preclude the Judgment from becoming Final.

2.1.24 "Final Approval Hearing" means the final hearing, held after the Preliminary Approval Order is issued and Settlement Class Members have been given reasonable notice and an opportunity to object or to exclude themselves from the Settlement, at which the Court will determine whether to finally approve the Settlement and to enter Judgment.

2.1.25 "Final Approval Order" means an Order, substantially in form of Exhibit C attached hereto, providing for, among other things, final approval of the Settlement.

2.1.26 "Incentive Awards" shall mean the payments awarded by the Court to the Representative Plaintiffs, as set forth in Paragraphs 5.2 and 5.3.

2.1.27 "Judgment" means the final judgment to be entered by the Court pursuant to the Settlement.

2.1.28 "Litigation" means the legal proceedings in the Action.

2.1.29 "Long Form Notice" means the notice that shall be made available on the Settlement Website, in the form attached hereto as Exhibit D.

2.1.30 "Mediators" shall mean the Hon. Morton Denlow (Ret.) and the Hon. Wayne R. Andersen (Ret.).

2.1.31 "NDNCR" means the National Do Not Call Registry.

2.1.32 "Notice Date" means thirty days after the Court's entry of the Order allowing Plaintiff's Motion for Preliminary Approval.

2.1.33 "Notice Plan" shall mean the plan of disseminating to Settlement Class Members notice of the proposed Settlement and of the Final Approval Hearing, as approved by the Court.

2.1.34  "Objection Deadline" means the date that is ninety (90) days after the Notice Date.

2.1.35  "Opt-Out Deadline" means the date that is ninety (90) days after the Notice Date.

2.1.36  "Parties" means, collectively, Representative Plaintiffs and Sunrun.

2.1.37  "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's heirs, predecessors, successors, representatives, and assigns.

2.1.38  "Plaintiffs" or "Representative Plaintiffs" means William Loftus, Sidney Naiman, and Louis Naiman.

2.1.39  "Preliminary Approval Order" means the Order, substantially in the form of Exhibit E attached hereto, in which the Court grants its preliminary approval to this Settlement Agreement and preliminarily certifies the Settlement Class, authorizes dissemination of Class Notice to the Settlement Class, and appoints the Settlement Administrator.  The form of the Preliminary Approval Order is a material term of this Settlement Agreement.

2.1.40  "Publication Notice" means the notice that shall be made available via the internet substantially in the form attached hereto as Exhibit F in the manner recommended by the Settlement Administrator.

2.1.41  "Released Claims" or "Release" shall mean the released claims identified in Paragraph 8.1.

2.1.42  "Released Parties" means (a) Defendants and any and all of their respective present or former predecessors, successors, assigns, parent companies, subsidiaries, affiliates

(including but not limited to Clean Energy Experts, LLC), divisions, joint ventures, entities in which Defendants have a controlling interest, holding companies, employees, trustees (b) vendors, subcontractors, buyers (lead purchasers), representatives, expert consultants, marketing partners, channel partners, resellers, lead generators, telemarketers, independent contractors; and (c) any of the foregoing persons' or entities' respective officers, directors, partners, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives, agents, and any other Person acting on their behalves. Nothing in this Agreement shall preclude Sunrun's ability to claim for indemnification against Media Mix, Resource Marketing Corp. ("RMC") and/or D&M Marketing, Inc. d/b/a Americor ("Americor").

2.1.43 "Releasing Parties" means (a) Representative Plaintiffs; (b) Settlement Class Members who do not timely opt out of the Settlement Class; (c) to the extent that a Settlement Class Member is not an individual, all of its present former, and future predecessors, successors, assigns, parents, subsidiaries, joint ventures, and affiliates, and all employees, agents, representatives, consultants, independent contractors, insurers, directors, officers, partners, principals, members, attorneys, accountants, financial advisors, investors, investment bankers, underwriters, shareholders, lenders, and auditors of any of the foregoing Persons; and (d) to the extent the Settlement Class Member is an individual, any present, former, and future heirs, executors, estates, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns of each of them, and any other representative of any of the foregoing Persons.

2.1.44 "Settlement" means the settlement set forth in this Agreement.

2.1.45 "Settlement Administration Costs" means any and all fees and costs incurred in administering the Settlement, including but not limited to, the fees and costs of

disseminating all Class Notice, effectuating CAFA Notice, publishing Class Notice, administering and maintaining the Settlement Website, and delivering Benefit Checks to Settlement Class Members, but specifically excluding the payment of all cash benefits, payment of any Incentive Awards, and payment of the any amounts awarded pursuant to the Fee and Cost Application.

2.1.46  "Settlement Administrator" means Kurtzman Carson Consultants (KCC).

2.1.47 "Settlement Class" means all persons in the United States who, from September 1, 2018 to the date of preliminary approval, received from Sunrun, and/or from or on behalf of Media Mix, RMC and/or Americor in an effort to generate a lead or customer for Sunrun: (a) one or more calls (including text messages) on their cellphones placed via a dialing platform; and/or (b) at least two telemarketing calls (including text messages) during any 12-month period where their phone numbers appeared on the NDNCR for at least 31 days before the calls/texts. The following are excluded from the Settlement Class: (1) any trial judge and other judicial officers that may preside over this case; (2) the Mediators; (3) Sunrun, as well as any parent, subsidiary, affiliate or control person of Sunrun, and the officers, directors, agents, servants or employees of Sunrun; (4) any of the Released Parties; (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (6) any person who has previously given a valid release of the claims asserted in the Action; (7) Plaintiffs' Counsel; and (8) persons for whom Sunrun has a record demonstrating "prior express written consent" as defined by the TCPA.

2.1.48  "Settlement Class Member" means a person who falls within the definition of the Settlement Class and who does not opt out of the Settlement as set forth in Paragraph 9.4.

2.1.49  "Settlement Fund" means the fund into which Sunrun will transfer funds to cover all costs, expenses, and fees associated with the Settlement according to the terms set forth in this Agreement.

2.1.50  "Settlement Website" means the website established and maintained by the Settlement Administrator pursuant to Paragraph 6.3.

2.1.51  "Settling Parties" means, collectively, Sunrun, Representative Plaintiffs, and all Settlement Class Members.

2.1.52  "Sunrun" means collectively, Sunrun and Clean Energy Experts, LLC ("CEE"), as well as their respective officers, directors, shareholders, employees, predecessors, affiliates, parents, subsidiaries, partners, distributors, principals, insurers, administrators, agents, servants, successors, trustees, vendors, subcontractors, buyers, independent contractors, attorneys, representatives, heirs, executors, experts, consultants, and assigns of all of the foregoing persons and entities who placed calls or sent texts to the Settlement Class that related in any way to Sunrun.

2.1.53  "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

2.1.54  "Total Class Member Benefits Payout" is defined in Paragraph 4.2.1.

2.1.55  The plural of any defined term includes the singular, and the singular of any defined term includes the plural.

2.1.56  When a deadline or date falls on a weekend or a legal Court holiday, the deadline or date shall be extended to the next business day that is not a weekend or legal Court holiday.

**3.      ALL PARTIES AGREE THAT THEY RECOMMEND APPROVAL OF THE SETTLEMENT**

3.1     <u>Sunrun's Position on the Conditional Certification of Settlement Class.</u>  Sunrun disputes that a class would be manageable and further denies that a litigation class could properly be certified on the claims asserted in this Litigation.  Solely for purposes of avoiding the expense and inconvenience of further litigation, however, Sunrun does not oppose the certification of the Settlement Class for the purposes of this Settlement only.   Preliminary certification of the Settlement Class will not be deemed a concession that certification of a litigation class is appropriate, nor would Sunrun be precluded from challenging class certification in further proceedings in this Litigation or in any other action if the Settlement Agreement is not finalized or finally approved.  If for any reason whatsoever the Court does not enter the Final Approval Order or the Settlement Agreement does not become Final, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Litigation or any other judicial proceeding.  No agreements made by or entered into by Sunrun in connection with the Settlement Agreement may be used by Plaintiffs, any Settlement Class Member, or any other Person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Litigation or any other judicial proceeding.

3.2     <u>Plaintiffs' Position on the Merits of Case.</u>  Plaintiffs' position is that the claims asserted in this Litigation have merit and that the evidence developed to date supports those claims. This Settlement will in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs that there is any infirmity in the claims asserted by Plaintiffs, or that there is any merit whatsoever to any of the contentions and defenses that Defendants have asserted.

3.3     <u>Plaintiffs Recognize the Benefits of Settlement</u>.     Plaintiffs recognize and acknowledge the expense and amount of time which would be required to continue to pursue this Litigation against Defendants, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class.  Plaintiffs have concluded that it is desirable that this Litigation and any Released Claims be fully and finally settled and released as set forth in this Settlement.  Plaintiffs and Class Counsel believe that the Settlement set forth in this Agreement confers substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle as described herein.

4.     **SETTLEMENT FUND AND SETTLEMENT CLASS RELIEF**

In consideration of a full, complete, and final settlement of the Action, dismissal of the Action with prejudice, and the Releases in Section 8 below, and subject to the Court's approval, the Parties agree to the following relief:

4.1     <u>Settlement Fund</u>.  As of the Effective Date, Sunrun will become obligated to deposit a total of $5,500,000 into the Settlement Fund, subject to the schedule and terms described below. The Settlement Fund will be maintained by the Settlement Administrator for the benefit of the Settlement Class and Class Counsel.  All of the monies deposited by Sunrun into the Settlement Fund will be placed in an interest bearing escrow account established and maintained by the Settlement Administrator.   The interest generated, if any, will accrue to the benefit of the Settlement Class and will be added into the Settlement Fund.  Sunrun shall make deposits into the Settlement Fund in accordance with the following schedule:

4.1.1  Within ten (10) days of the entry of the Preliminary Approval Order, Sunrun will disburse to the Settlement Administrator two hundred fifty thousand dollars ($250,000.00) of the Settlement Fund to be used by the Settlement Administrator for preliminary Settlement

Administration Costs, including the costs to complete the Class Notice, establish and maintain the Settlement Website, establish and maintain a toll-free number for questions by Settlement Class Members, as well as any other initial administration costs associated with the Settlement.

4.1.2  All Settlement Administration Costs will be drawn from the Settlement Fund by the Settlement Administrator, subject to the written approval of Sunrun (by its counsel) and Class Counsel.

4.1.3  Sunrun will disburse to the Settlement Administrator the remainder of the Settlement Fund within fifteen (15) days following the Effective Date.

4.2      Payments from the Settlement Fund.

4.2.1  The total amount distributed to the Settlement Class (the "Total Class Member Benefits Payout") shall be the Settlement Fund and any earnings thereon, less the Settlement Administration Costs and amounts awarded by the Court for Attorney's Fees and Costs to Class Counsel and any Incentive Awards.  The Total Class Member Benefits Payout shall be distributed to Settlement Class Members who file an Approved Claim on a *pro rata* and equal basis.  Each Settlement Class Member shall be entitled to submit only one claim, and only one claim can be made per telephone number, regardless of the number of calls or text messages to that phone number.  Each Settlement Class Member who files an Approved Claim shall be paid, by a Benefit Check, a cash benefit (the "Cash Benefit") that shall be equal to the Total Class Member Benefits Payout divided by the total number of Approved Claims.

4.2.2  Adequate and customary procedures and standards will be used by the Settlement Administrator to determine Approved Claims, to prevent the payment of fraudulent claims and to pay only legitimate claims.  All claims are subject to verification by Sunrun and

Class Counsel review.  All Settlement Class Members are required to provide or submit certain information to verify that they are appropriately claiming a benefit as set forth in Section 7 .

4.2.3  Payments will be made directly to the Settlement Class Members by the Settlement Administrator.

4.2.4  If any Benefit Checks are returned, the Settlement Administrator will attempt to obtain a new mailing address for that Settlement Class Member.  If, after a second mailing, the Benefit Check is again returned, no further efforts need be taken by the Settlement Administrator to resend the Benefit Check.

4.2.5  The Benefit Checks shall state that they are invalid after 180 calendar days from the date of the check.  If any Settlement Class Member fails to negotiate a Benefit Check within that that period of time, that Settlement Class Member shall forever waive and release his, her or its claim for payment under this Agreement.

4.2.6  If any amounts remain in the Settlement Fund because Settlement Class Members fail to negotiate their respective Benefit Checks, such unclaimed monies shall be distributed as follows: (a) to the Settlement Class Members who cashed their initial Benefit Checks, to the extent such a distribution is administratively and economically feasible, and if not so feasible; (b) to the National Consumer Law Center or another *cy pres* designated recipient, as approved by the Court.

4.2.7  Any distribution of the Settlement Fund to the Settlement Class Members or any other person, other than the Settlement Administrator pursuant to the terms hereof, shall commence only after the Effective Date.  The Aggregate Fees, Costs, and Expenses shall be paid from the Settlement Fund prior to any distribution of Benefit Checks to the Settlement Class.  The

14

remainder of the Settlement Fund shall be used to pay Cash Benefits in accordance with the rules set forth herein.

4.2.8 No portion of the Settlement Fund will be returned to Sunrun except as provided in Section 11, Termination of the Agreement.

4.2.9 If this Settlement Agreement is not approved or for any reason the Effective Date does not occur, Sunrun shall have no obligation to make payments or distributions of any kind, other than payments to the Settlement Administrator for services rendered and costs incurred.

## 5. ATTORNEYS' FEES, COSTS AND PAYMENT TO PLAINTIFF REPRESENTATIVES

5.1 <u>Attorneys' Fees and Costs</u>. Class Counsel will file a Fee and Cost Application with the Court for an award of Attorneys' Fees and Costs to be paid from the Settlement Fund. Class Counsel will be entitled to payment of the Attorneys' Fees and Costs awarded by the Court out of the Settlement Fund within twenty (20) calendar days of the Effective Date. The Parties have not reached any agreements concerning the award of Attorneys' Fees and Costs.

5.2 <u>Payment of Any Incentive Awards to the Representative Plaintiffs</u>. The Representative Plaintiffs will ask the Court to award them each an Incentive Award for the time and effort that they have invested in the Action. The Representative Plaintiffs will each seek $5,000 for individual incentive awards. Within twenty (20) calendar days after the Effective Date, and after receiving W-9 forms from the Representative Plaintiffs, the Settlement Administrator shall disburse such funds to the Representative Plaintiffs as awarded by the Court.

5.3 <u>Settlement Independent of Award of Fees, Costs and Incentive Awards</u>. The payments of Attorneys' Fees and Costs and any Incentive Awards set forth in Paragraphs 5.1 and 5.2 are subject to and dependent upon the Court's approval as fair, reasonable, adequate, and in the best interests of Settlement Class Members. This Settlement, however, is not dependent or

conditioned upon the Court's approving Plaintiffs' and/or Class Counsel's requests for such payments or awarding the particular amounts sought by Plaintiff and/or Class Counsel. In the event the Court declines Plaintiffs' and/or Class Counsel's requests or awards less than the amounts sought, this Settlement will continue to be effective and enforceable by the Parties.

**6.      SETTLEMENT ADMINISTRATION AND CLASS NOTICE**

6.1      All Settlement Administration Costs, including the costs and expenses of providing reasonable Class Notice in accordance with the Preliminary Approval Order, shall be paid out of the Settlement Fund.

6.2      Responsibilities of Settlement Administrator

6.2.1 The Settlement Administrator will facilitate the Class Notice process by assisting the Parties in the implementation of the Notice Plan, as well as CAFA Notice.

6.3      Settlement Website

6.3.1 The Settlement Administrator will create and maintain the Settlement Website, to be activated within thirty (30) days of Preliminary Approval. The Settlement Administrator's responsibilities will also include securing an appropriate URL, with approval by the Parties. The Settlement Website will contain information about the Settlement and case-related documents such as the Settlement Agreement, Long-Form Notice, Claim Form, Direct Mail Notice and the Preliminary Approval Order. Settlement Class Members shall have the option to file a Claim Form electronically using the Settlement Website.

6.3.2 The Settlement Website will terminate (be removed from the internet) and no longer be maintained by the Settlement Administrator sixty (60) days after either (a) the Effective Date; or (b) the date on which the Settlement Agreement is terminated or otherwise not approved in full. The Settlement Administrator will then transfer ownership of the URL to Sunrun.

16

6.3.3  All costs and expenses related to the Settlement Website shall be paid out of the Settlement Fund.

6.4     CAFA Notice

6.4.1  The Parties agree that the Settlement Administrator shall serve notice of the settlement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials no later than 10 days after the filing of this Settlement Agreement with the Court.

6.4.2  All costs and expenses related to the CAFA Notice shall be paid out of the Settlement Fund.

6.4.3  The Settlement Administrator will file a certification with the Court stating the date(s) on which the CAFA Notices were sent.  Each Party will provide the other Parties with any substantive responses received in response to any CAFA Notice.

6.5     Notice Plan

6.5.1  The Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the U.S. Constitution (including the Due Process Clauses), Cal. Civ. Code § 1781, and any other applicable law, and shall otherwise be in the manner and form agreed upon by the Parties and approved by the Court.

6.5.2  The Parties have worked collaboratively together to identify, through reasonable means, the name and contact information, including postal and email addresses, for any person they believe to be a Settlement Class Member.

6.5.3  Subject to Court approval, within thirty (30) days after the Court enters the Preliminary Approval Order, the Settlement Administrator shall send Class Notice substantially in the form of the Short Form Notice in Exhibit B, via U.S. Postal Service, to the names and addresses provided by the Parties to the Settlement Administrator.  To the extent that the Parties have

17

provided email addresses for Settlement Class Members to the Settlement Administrator, the Settlement Administrator shall also send a Short Form Notice substantially similar to Exhibit B to the Settlement Class Members; such email notice shall also be sent within thirty (30) days after the Court enters the Preliminary Approval Order.  Within thirty (30) days after the Court enters the Preliminary Approval Order, the Settlement Administrator shall cause the Publication Notice to be disseminate in the manner recommended by the Settlement Administrator.

7.      **CLAIMS PROCESS**

7.1     <u>Submission of Claims.</u>  Settlement Class Members must timely submit by the Claims Deadline, by mail or online, a valid Claim Form substantially in one of the forms attached as Exhibit A, depending on the type of Class Notice received by the Claimant.  Settlement Class Members who received Direct Mail Notice must attest to their ownership of the phone number on the Claim Form.  Settlement Class Members who received notice other than Direct Mail Notice must attest under the pains and penalties of perjury to having received a call or text message promoting Sunrun to their cellular telephone number or multiple calls or texts while their telephone number was registered on the NDNCR, and will provide documentation confirming their ownership of the phone number.  All Claim Forms must be postmarked or submitted to the Settlement Administrator, either in hard copy form or electronically via the Settlement Website, by the Claims Deadline.  A valid Claim Form means a Claim Form containing all required information and which is signed by the Claimant and is timely submitted.  Any Claim Form that is not timely submitted shall be denied.  In the event a Claimant submits a Claim Form by the Claims Deadline but the Claim Form is not complete, then the Settlement Administrator shall give such Claimant a reasonable opportunity (by communicating with the Claimant no less than 45 days before the Effective Date) to provide any requested missing information.  For any Claimant who

submits a Claim Form determined by the Settlement Administrator to be incomplete, the Settlement Administrator may mail or email a notice directly to such Claimant, notifying him or her of the missing information and providing him or her with an opportunity to cure. Claimants must cure incomplete claims on or before the Effective Date.

7.2     Claims Processing.   The Settlement Administrator shall apply the terms of this Settlement Agreement and the requirements set forth in the Claim Form. Any Claim Form submitted that does not meet the requirements of this Agreement shall not be eligible to be deemed an Approved Claim. The Settlement Administrator also shall employ reasonable procedures to screen claims for abuse, fraud, or duplication, and shall deny Claim Forms where there is evidence of abuse, fraud, or duplication. The Settlement Administrator's decisions regarding the Settlement Class Members' eligibility for a Cash Benefit shall be final. The Parties, the Released Parties, and their respective counsel shall have no responsibility or liability whatsoever for the Settlement Administrator's conduct, omissions, or actions.

7.3     Payment of Claims.   Within sixty (60) days after the Effective Date or sixty (60) days after the Claims Deadline (whichever is later), or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims by Benefit Check made payable to the Settlement Class Member that submitted each Approved Claim, which shall be mailed to those Settlement Class Members via first-class mail.

7.4     All Benefit Checks will state on their face that the check will expire and become null and void unless cashed within one hundred eighty (180) days after the date of issuance. To the extent that any Benefit Checks expire and become null and void, the Settlement Administrator shall distribute the funds associated with those checks on *a pro rata* basis to Settlement Class Members who submitted an Approved Claim and who cashed their Benefit Checks, if doing so is

administratively and economically feasible (i.e., those Settlement Class Members would receive a second distribution of more than $5 after costs of administration).  Any remaining monies, if any, shall be distributed as a *cy pres* award to an organization approved by the Court (as per Paragraph 4.2.6 of this Agreement).

7.5    No decisions by the Settlement Administrator shall be deemed to constitute a finding, admission, or waiver by Defendants as to any matter of fact, law, or evidence having any collateral effect on any claim hereunder or in any other proceeding or before any other forum or authority.  Further, such decisions shall not be submitted to or admissible in any other proceeding or before any other forum or authority.

## 8.    RELEASES

8.1    The Releasing Parties do hereby release and fully, finally, and forever discharge the Released Parties from all claims, debts, controversies, losses, liabilities, liens, demands, causes of action, suits, damages (including, but not limited to, actual, statutory, trebled, exemplary, or punitive), fees (including, but not limited to, attorneys' fees), expenses, and obligations of any kind or nature whatsoever, whether in law or in equity, whether known or unknown, fixed or contingent, claimed or unclaimed, direct or indirect, individual or representative, arising out of or relating to any telephone calls or text messages, telemarketing, solicitation, or other marketing or dissemination that was made by, from, or on behalf of Sunrun, and/or made to generate a lead that could be offered to and/or sold by Sunrun.  This release includes, but is not limited to, claims involving the actual or alleged use of an automatic telephone dialing system or an artificial or prerecorded voice, or otherwise arising under the TCPA or similar telephone or telemarketing-related federal, state or local laws, regulations or ordinances governing such matters, and any rule or regulation thereunder, or otherwise arising under CIPA or similar federal or state laws governing

such matters, and any rule or regulation thereunder, including without limitation, the claims alleged in the FAC or that could have been alleged in the FAC at any time up and through the date of Preliminary Approval.  This release specifically extends to calls or text messages allegedly or actually placed (or sent) to telephone numbers on the NDNCR, and to telephone calls and/or text messages allegedly or actually initiated by third parties.  The Parties agree that the Release in this Settlement Agreement shall not apply to telemarketing calls placed by third parties where such third parties were not acting on behalf of a Released Party, but instead were acting on behalf of a person or entity other than a Released Party.

8.2     This release specifically extends to claims that the Releasing Parties do not know or suspect to exist in their favor as of the date of the Preliminary Approval Order, which release is meant to and constitutes a waiver and relinquishment, without limitation, of Section 1542 of the California Civil Code (and such other substantively similar statutes), which provides:

GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

8.3     Plaintiffs and the Settlement Class Members understand and acknowledge the significance of these waivers and relinquishment of Section 1542 of the California Civil Code and similar federal and state statutes, rules, regulations, orders or case law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members understand and acknowledge that they are aware they may hereafter discover facts in addition to, or different from, those facts that they know or believe to be true with respect to the

subject matter of the Settlement and this Agreement, but it is nonetheless the intention of Plaintiffs and the Settlement Class Members to fully, finally, and forever release all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery by any person or existence of any such additional or different facts.

8.4     The Parties intend that this Agreement will fully, finally, and forever dispose of the Action, which shall be dismissed with prejudice, and any and all Released Claims against the Released Parties.

8.5     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Approval Order and Judgment to have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

8.6     Upon entry of the Final Approval Order, Representative Plaintiffs and Settlement Class Members are hereby barred against bringing any action or claim against any of the Released Parties for any of the Released Claims.

## 9.     APPROVAL PROCESS

9.1     Court Approval

9.1.1   Class Counsel shall, prior to August 31, 2020, submit the Agreement together with its Exhibits to the Court and request that the Court grant preliminary approval of the Settlement, issue a Preliminary Approval Order, and schedule a hearing on whether the Settlement should be granted final approval (collectively, "Motion for Preliminary Approval").

9.1.2   In the Motion for Preliminary Approval, Class Counsel shall request that the Court allow for a period of at least one hundred sixty (160) days between entry of the Preliminary Approval Order and the Final Approval Hearing. The date the Motion for Preliminary Approval is

filed is the date by which the Settlement shall be deemed "filed" within the meaning of 28 U.S.C. § 1715.

9.1.3  If the Motion for Preliminary Approval is granted, Class Counsel shall be responsible for asking the Court to grant final approval of the Settlement and to enter a Final Approval Order and Judgment, in accordance with the date set by the Court for the Final Approval Hearing.

9.1.4  If the Court does not enter a Preliminary Approval Order or a Final Approval Order and Judgment or if the Final Approval Order is reversed, vacated, overturned, or rendered void by any court, this Agreement shall terminate and be of no force or effect, except as otherwise set forth in this Agreement, unless the Parties voluntarily agree to modify this Agreement in the manner necessary to obtain Court approval.  Notwithstanding any provision of this Agreement, the Parties agree that any decision by any court as to any Fee Award or any Incentive Awards to the Representative Plaintiffs, described in Section 5 above, including any decision by any court to award less than the amounts sought, shall not prevent the Agreement from becoming effective, prevent Final Judgment from being entered, or provide any grounds for termination of the Agreement or the Settlement.

9.2    Procedures for Objecting to the Settlement

9.2.1  Settlement Class Members shall have the right to appear and show cause, if they have any reason why the terms of this Agreement should not be given final approval, subject to each of the sub-provisions contained in this Section.  Any objection to this Settlement Agreement, including any of its terms or provisions, must be in writing, mailed to the Settlement Administrator at the address set forth in the Class Notice, and postmarked no later than the

23

Objection Deadline.  Settlement Class Members may object either on their own or through an attorney hired at their own expense.

9.2.2  Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Loftus v. Sunrun Inc. et al.,* No. 3:19-cv-01608-RS" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Settlement Class Member, including the date(s) and phone number(s) at which he or she received call(s) covered by this Settlement; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and/or the objector's attorney (if applicable) has objected to a proposed class action settlement.  If an objecting party chooses to appear at the Final Approval Hearing, no later than the Objection Deadline, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address, and telephone number of the person and attorney, if any, who will appear.

9.2.3  A Settlement Class Member who appears at the Final Approval Hearing, either personally or through counsel, may be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Settlement Class Member. No Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have, but failed to, raise in his/her written objection, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection will be deemed waived.

9.2.4  If a Settlement Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection.  Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing.  Representative Plaintiffs or Sunrun or both may take discovery regarding any objector, their attorney (if applicable), and the basis of any objection.

9.2.5 Any Settlement Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, shall be precluded from seeking review of this Agreement by appeal or other means, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Litigation.  By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

9.3     Right to Respond to Objections

9.3.1  Class Counsel and the Parties shall have the right, but not the obligation, to respond to any objection no later than ten (10) days prior to the Final Approval Hearing.  The Party so responding shall file a copy of the response with the Court, and shall serve a copy, by hand or overnight delivery, to the objector (or counsel for the objector).

9.4     Opt Outs

9.4.1 Any putative class member who does not wish to participate in this Settlement must write to the Settlement Administrator stating an intention to be "excluded" from

this Settlement.  This written request for exclusion must be sent via first class United States mail to the Settlement Administrator at the address set forth in the Class Notice and postmarked no later than the Opt-Out Deadline.  A request for exclusion must be signed by the putative class member, and must include such individual's name, address, and the telephone number that allegedly received a call and/or text message by or on behalf of Defendants during the Settlement Class Period, and must clearly state that the Person wishes to be excluded from the Litigation and this Settlement and the Agreement.  A request for exclusion that does not include all of this information, or that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid, and the Person serving such a request shall be a member of the Settlement Class and shall be bound as a Settlement Class Member by the Court's Orders in this Litigation and by this Agreement, if approved.  The request for exclusion must be personally signed by the Person seeking to be excluded.  So-called "mass" or "class" opt-outs shall not be allowed.

9.4.2  Any Person in the Settlement Class who submits a request for exclusion may not file an objection to the Settlement.  If a Settlement Class Member submits a written request for exclusion pursuant to Paragraph 9.4.1 above, he or she shall be deemed to have complied with the terms of the opt-out procedure and shall not be bound by the Agreement if approved by the Court.

9.4.3  After Class Notice is disseminated, the Parties shall request and seek to obtain from the Court a Final Approval Order and Judgment, which will (among other things):

(i)     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits hereto;

(ii)    approve the Settlement Agreement and the proposed Settlement as fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and

declare the Agreement to be binding on, and have preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of Representative Plaintiff and the Releasing Parties with respect to the Released Claims;

(iii)    find that the Class Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(iv)    dismiss the Litigation (including all individual claims and Settlement Class Member claims asserted therein) on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement; incorporate the Releases set forth above in Section 8, make those Releases effective as of the date of the Final Approval Order and Judgment, and

(v)    forever discharge the Released Parties as set forth herein; permanently bar and enjoin all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction related to the Released Claims.

## 10.    TAXES

10.1    Settlement Class Members, Representative Plaintiffs, and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to the Settlement Agreement.

## 11.    TERMINATION OF AGREEMENT

11.1    Plaintiffs and Sunrun will each have the right to unilaterally terminate this Agreement by providing written notice of his, her, their, or its election to do so ("Termination Notice") to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

11.1.1  the Court rejects, materially modifies, materially amends or changes, or expressly declines to issue a Preliminary Approval Order or a Final Approval Order and Judgment with respect to the Settlement Agreement;

11.1.2  an appellate court reverses the Final Approval Order and Judgment, and the Settlement Agreement is not reinstated without material change by the Court on remand;

11.1.3  any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order and Judgment, or the Settlement Agreement in a way that Plaintiffs or Sunrun reasonably consider material, unless such modification or amendment is accepted in writing by all Parties, except that, as provided above, the Court approval of Attorneys' Fees and Costs or any Incentive Award, or their amount, is not a condition of the Settlement;

11.1.4  the Effective Date does not occur;

11.1.5  more than five percent (5%) of persons who would otherwise be Settlement Class Members opts out; or

11.1.6  any other ground for termination provided for elsewhere in this Agreement occurs.

11.2    Revert to Status Quo if Plaintiffs or Sunrun/CEE Terminates.  If either Plaintiffs or Sunrun terminates this Agreement as provided in Section 11, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated.  Any payments made to the Settlement Administrator for services rendered to the date of termination, however, will not be refunded to Sunrun.

28

11.3    If the Settlement Agreement is not approved in full by the Court, any Party has the option to terminate the Settlement Agreement and revert to the status quo prior to the Settlement.

## 12.    NO ADMISSION OF LIABILITY

12.1    Sunrun denies any liability or wrongdoing of any kind associated with the alleged claims in the Complaint.  Sunrun has denied and continues to deny each and every material factual allegation and all claims asserted against in the Action.  Nothing in this Settlement Agreement will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing in this Settlement Agreement will constitute an admission by Sunrun that the Action is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes.  To this end, the Settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Sunrun or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Sunrun in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

12.2    Pursuant to Federal Rule of Evidence Rule 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

12.3    The Parties agree that all information obtained from or provided by Sunrun in connection with this Settlement Agreement and its negotiation shall be kept confidential and that such information shall be used on only for the purposes allowed by this Settlement Agreement and for no other purpose.

12.4    If any Party or attorney is contacted by a member of the press or other person seeking a public comment on the Settlement, the Party or attorney may provide the inquiring party with only the details of the Settlement that are in the public record.  No Parties, or their agents, shall inaccurately characterize the terms of the Settlement or the Agreement.  The Parties agree that nothing in this Settlement Agreement shall be construed to prohibit communications between Sunrun and any of the Released Parties initiated by the Released Parties or that may occur in the ordinary course of Sunrun's business.

## 13.    CONDITIONS FOR EFFECTIVE DATE; EFFECT OF TERMINATION

13.1    The Effective Date of this Agreement shall be the date the Judgment has become Final.

13.2    If this Agreement is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of this Agreement, the Settling Parties will be restored to their respective positions in the Litigation as of June 18, 2020.  In such event, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties and will not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated.

13.3    The Parties agree to request a stay of the Litigation pending approval of the Settlement.

14.    **MISCELLANEOUS PROVISIONS**

14.1    Cooperation of the Parties.  The Parties acknowledge that it is their intent to consummate this Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.  The Parties agree that they will not solicit, facilitate, or assist in any way, requests for exclusions or objections by putative or actual Settlement Class Members.  Class Counsel recognize that they have an obligation to support the Settlement and to seek the Court's approval of its terms.  Class Counsel will abide by all applicable and governing ethical rules, opinions, and obligations precluding their representation of opt-outs.

14.2    Resolution of Dispute without Admission.  The Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement covers claims that are contested and will not be deemed an admission by any Party as to the merits of any claim or defense.

14.3    Use in Subsequent Proceedings.  Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Sunrun or is or may be deemed to be an admission of, or evidence of, any fault or omission of Sunrun in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  Any party to this Litigation may file this Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of *res judicata,* collateral estoppel, release, good faith settlement,

judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.4    Confidential Information.   All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Agreement.

14.5    Destruction of Discovery Received from Defendants.   The Parties acknowledge that they have agreed to abide by the Stipulated Protective Order entered into and adopted by the Court in this Litigation, and in particular, the paragraphs with respect to the duration of the Order and the destruction of documents.

14.6    Incorporation of Exhibits.  Any and all Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

14.7    Modification.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

14.8    Integration.  This Agreement and any Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized in such documents.  Except as otherwise provided herein, the Parties will bear their own respective costs.

14.9    Class Counsel's Authority.  Class Counsel, on behalf of the Settlement Class, are expressly authorized by the Representative Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Agreement to effectuate its terms, and are expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Settlement Class.

14.10   Parties' Authority.  Each counsel or other Person executing this Agreement or any of its Exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

14.11   Counterparts.  This Agreement may be executed in one or more counterparts.  All executed counterparts will be deemed to be one and the same instrument.

14.12   No Prior Assignments.   Representative Plaintiff and Class Counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

14.13   Binding on Assigns.  This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Settlement Class Members.

14.14   Publicity.  Except for the notice provisions set forth in the Order of Preliminary Approval and except as required to comply with any applicable law, rule or regulation or to comply with a Court order, the Parties agree that there will be no press releases regarding the Settlement and neither side will initiate contact with the media.

14.15   Interpretation.  None of the Parties, or their respective counsel, will be deemed the drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof.  The language in all parts of this Agreement and its Exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any of the Parties as the drafter thereof.

14.16   Governing Law.  This Agreement and any Exhibits hereto will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.  The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

14.17   No Waiver.  The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

IN WITNESS WHEREOF, the Parties have executed and cause this Agreement to be executed by their duly authorized attorneys.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiffs and the Settlement Classes**:

_____                Date: 8-18-20
William Loftus
Class Representative

_____                Date: 8/18/20
Sidney Naiman
Class Representative

_____                Date: 8-/18/ 20
Louis Naiman
Class Representative


**Class Counsel:**

_____                Date: 8.07.20
Matthew P. McCue
LAW OFFICE OF MATTHEW P. McCUE


**For Sunrun Inc.:**

_____                Date: _____
Jeanna C. Steele
Executive Vice President, General Counsel
& Secretary

**Defendant Sunrun Inc.'s Counsel:**

_____                Date: _____
Lauri Mazzuchetti
KELLY DRYE & WARREN LLP

35

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiffs and the Settlement Classes**:

_____    Date: _____
William Loftus
Class Representative

_____    Date: _____
Sidney Naiman
Class Representative

_____    Date: _____
Louis Naiman
Class Representative

**Class Counsel:**

_____    Date: _____
Matthew P. McCue
LAW OFFICE OF MATTHEW P. McCUE

**For Sunrun Inc.:**

DocuSigned by:
*Jeanna C. Steele*
_____    Date: _____
05B3D9D07CB9476...
Jeanna C. Steele
Executive Vice President, General Counsel
& Secretary

**Defendant Sunrun Inc.'s Counsel:**

_____    Date: _____
Lauri Mazzuchetti
KELLY DRYE & WARREN LLP

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiffs and the Settlement Classes**:

_____     Date: _____
William Loftus
Class Representative

_____     Date: _____
Sidney Naiman
Class Representative

_____     Date: _____
Louis Naiman
Class Representative

**Class Counsel:**

_____     Date: _____
Matthew P. McCue
LAW OFFICE OF MATTHEW P. McCUE

**For Sunrun Inc.:**

_____     Date: _____
Jeanna C. Steele
Executive Vice President, General Counsel
& Secretary

**Defendant Sunrun Inc.'s Counsel:**

_____     Date: \_\_\_\_8/27/20\_\_\_\_\_
Lauri Mazzuchetti
KELLY DRYE & WARREN LLP

35

# Exhibit  A

## (Direct Mail Claim Form – attached to postcard notice)

COURT AUTHORIZED
NOTICE OF CLASS ACTION
AND PROPOSED SETTLEMENT
**Records indicate you may have received a call or text marketing solar products between September 1, 2018 and _____, and a class action settlement may affect your rights.**

**You Could Get Money From A Class Action Settlement If You Return This Claim Form.**

*Loftus, et al. v. Sunrun Inc. et al.,*
**Claims Administrator**
P.O. Box _____
_____, ___, _____

First Class
Mail
US Postage
Paid
Permit #

**«Barcode»**
Postal Service: **Please do not mark barcode**

Claim #: BFG - «ClaimID» «MailRec»

« Firstl» «Lastl»
«CO»
«Addrl» «Addr2»
«City», «ST» «Zip»
«Country»

## XXX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### SETTLEMENT CLAIM FORM

THIS CLAIM FORM MUST BE POSTMARKED BY _____, AND MUST BE FULLY COMPLETED.
You may also submit your claim online at **www.** _____ **.com**

Instructions: Fill out each section of this form and sign where indicated.

**+**

## «Barcode»

Claim #: XXX-«Claim1D» - «MailRec»                    Name/Address Change, if any:

«Firstl» «Lastl»
«Addr1» «Addr2»                    _____
«City», «St» «Zip»                    _____
                    _____

Email Address: _____   Contact Phone #: (___ ___ ___) ___ ___ ___ -- ___ ___ ___
(Please provide an email and phone number where you may be contacted if further information is required.)

I attest under the pains and penalties of perjury that: (1) I believe that I am member of the Settlement Class; and (2) I received one or more phone calls and/or text messages marketing solar products between September 1, 2018 and _____ on the following telephone number owned by me:
«Phone»
I also certify that this is the only claim that I am submitting in connection with the above telephone number.

I wish to receive any payment from this settlement __ by check.  I understand that if I wish to receive an electronic payment to my PayPal account I must submit my claim online and provide the email address associated with my PayPal account.

Signature: _____ Date (mm/dd/yyyy):

Print Name: _____

\* XXX «ClaimID» \*               «ClaimID»          XXXXXXX          **+**

Your claim will be submitted to the Claims Administrator for review. If accepted you will be mailed a check as described in the Settlement Agreement and Release, which is available on the website below. This process takes time, please be patient.

**Questions, visit www._____.com or call 1-XXX-XXX-XXXX**

# Exhibit  A

## (Publication Notice Claim Form)

***Loftus, et al.. v. Sunrun Inc. et al.,***

In the United States District Court for the Northern District of California
Case No. 3:19-cv-01608-RS

<u>**Settlement Claim Form**</u>

| |
|---|
| **If you are a Class Member and wish to receive a payment, your completed Claim Form must be postmarked on or before [Claims Deadline], or submitted online at [web site] on or before [Claims Deadline]** |

Please read the full notice of this Settlement (available at [website]) carefully before filling out this Claim Form.

To be eligible to receive any benefits from the Settlement obtained in this class action lawsuit, you must submit your Claim Form online or by mail:

**ONLINE:**    Visit [website] and submit your claim online

This is the only way to receive your payment via Paypal

**MAIL:**    [Address]

---

## PART ONE: CLAIMANT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

FIRST NAME                                LAST NAME

STREET ADDRESS

CITY                    STATE        ZIP CODE

CURRENT TELEPHONE NUMBER        TELEPHONE NUMBER(S) AT WHICH
                                CALLS AND/OR TEXTS WERE RECEIVED

EMAIL ADDRESS

QUESTIONS? VISIT **[WEBSITE]** OR CALL [NUMBER] TOLL-FREE

**PART TWO: ATTESTATION UNDER PENALTY OF PERJURY**

I attest under the pains and penalties of perjury that: (1) I believe that I am member of the Settlement Class; and (2) I received one or more phone calls and/or text messages marketing solar products between September 1, 2018 and _____ on the following telephone number owned by me:

«Phone»

I have attached hereto a telephone bill establishing proof of my ownership of the telephone number.

I also certify that this is the only claim that I am submitting in connection with the above telephone number.

I wish to receive any payment from this settlement ___ by check.  I understand that if I wish to receive electronic payment to my PayPal account I must submit my claim form online and provide the email address associated with my PayPal account.

_____          _____
SIGNATURE                                                                            DATE

<u>**CLAIM FORM REMINDER CHECKLIST**</u>

**Before submitting this Claim Form, please make sure you:**

1.      Complete all fields in the Claimant Information section of this Claim Form.

2.      Attach a telephone bill providing proof of ownership of the telephone number.  You must provide proof of ownership of the telephone number to receive settlement benefits.

3.      Sign the Attestation in Part Two. You must sign the Attestation in order to be eligible to receive settlement benefits.

**Please keep a copy of your Claim Form for your records.**

QUESTIONS? VISIT **[WEBSITE]** OR CALL [NUMBER] TOLL-FREE

# Exhibit B

COURT AUTHORIZED
NOTICE OF CLASS ACTION
AND PROPOSED SETTLEMENT

**Records indicate you may have received a call or text marketing solar products between September 1, 2018 and _____, and a class action settlement may affect your rights.**

**You Could Get Money From A Class Action Settlement If You Return This Claim Form.**

*Loftus, et al. v. Sunrun Inc. et al.,*
**Claims Administrator**
P.O. Box _____
_____, ___, _____

| First Class Mail US Postage Paid Permit # |
| --- |

**«Barcode»**

Postal Service: **Please do not mark barcode**

Claim #: BFG - «ClaimID» «MailRec»

« Firstl» «Lastl»
«CO»
«Addrl» «Addr2»
«City», «ST» «Zip»
«Country»

# XXX

---

## SETTLEMENT CLAIM FORM

THIS CLAIM FORM MUST BE POSTMARKED BY _____, AND MUST BE FULLY COMPLETED.
You may also submit your claim online at **www.** _____ **.com**

Instructions: Fill out each section of this form and sign where indicated.

## «Barcode»

Claim #: XXX-«Claim1D» - «MailRec»

Name/Address Change, if any:

«Firstl» «Lastl»
«Addr1» «Addr2»
«City», «St» «Zip»

_____
_____
_____

Email Address: _____ Contact Phone #: (____ ____) ____ ____ ____ -- ____ ____ ____
    (Please provide an email and phone number where you may be contacted if further information is required.)

I attest under the pains and penalties of perjury that: (1) I believe that I am member of the Settlement Class; and (2) I received one or more phone calls and/or text messages marketing solar products between September 1, 2018 and _____ on the following telephone number owned by me:
«Phone»
I also certify that this is the only claim that I am submitting in connection with the above telephone number.

I wish to receive any payment from this settlement ___ by check.  I understand that if I wish to receive an electronic payment to my PayPal account I must submit my claim online and provide the email address associated with my PayPal account.

Signature: _____ Date (mm/dd/yyyy): _____

Print Name: _____

* XXX «ClaimID» *          «ClaimID»          XXXXXXX          

Your claim will be submitted to the Claims Administrator for review. If accepted you will be mailed a check as described in the Settlement Agreement and Release, which is available on the website below. This process takes time, please be patient.

**Questions, visit www._____.com or call 1-XXX-XXX-XXXX**



* XXX «ClaimID» *                    «ClaimID»         XXXXXXX



In the United States District Court for the Northern District of California *Loftus,
et al. v. Sunrun Inc., et al.*, No. 3:19-cv-01608-RS

## LEGAL NOTICE

### You might get a payment from the Class Action Settlement described in this Notice.

If you received a sales call and/or text message from Sunrun Inc. ("Sunrun"), and/or from or on behalf of Media Mix 365 ("Media Mix"), LLC, Resource Marketing Corporation ("RMC") and/or D&M Marketing, Inc. d/b/a Americor ("Americor"), in an effort to generate leads for Sunrun, you could receive a cash payment from a class action settlement.

A settlement has been reached in a class action lawsuit called *Loftus v. Sunrun.* The lawsuit alleges that telephone solicitations and/or text messages made by or on behalf of Sunrun violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Sunrun maintains that it did not make unauthorized telephone calls and/or send the text messages, the lawsuit is without merit and were prepared to vigorously defend all aspects of it.

**Who is included?** The Court has decided that the Settlement Class includes all persons in the United States who, from September 1, 2018 to _____, received from Sunrun, and/or from or on behalf of Media Mix, RMC and/or Americor in an effort to generate a lead or customer for Sunrun: (a) one or more calls (including text messages) on their cellphones placed via a dialing platform; and/or (b) at least two telemarketing calls (including text messages) during any 12-month period when their phone numbers appeared on the National Do Not Call Registry for at least 31 days before the calls/texts.

**What are the Settlement Terms?** A Settlement Fund of $5,500,000 has been established to pay valid claims, notice and claims administration, attorneys' fees and costs and incentive awards.

**How can you get a payment?** To be entitled to a Cash Benefit from the Settlement Fund, you must sign and return the attached Claim Form or submit one online at www._____.com. Claim Forms can be requested by calling   1-XXX-XXX-XXXX.   **Claim   Forms   must   be   postmarked   or   submitted   online by _____.** Use the 8-digit Claim ID appearing above your name on the address side of this postcard for online claim submissions. The amount of the Cash Benefit will depend on how many Settlement Class Members submit Approved Claims. The Settlement Fund will be divided and distributed equally—sometimes referred to as *"pro rata"* -- to all Approved Claimants. It is impossible to pinpoint the exact amount that Claimants will receive.

**Your other options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by _____. If you do not exclude yourself, you will release any claims you may have against Sunrun, and you will not be able to sue them. You may object to any aspect of the Settlement, but you must do so by _____. The Court will hold a hearing on _____ to consider whether to approve the Settlement, as well as Class Counsel's request for attorneys' fees of up to $_____ and the Class Representative's request for incentive awards.

You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, call **1-XXX-XXX-XXXX**, or visit the Settlement Website at **www._____.com**.

**Note:** The date and time of the fairness hearing are subject to change by Court Order, but any changes will be posted at the Settlement website, [website], or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

# Return Postage Page

# EXHIBIT C

1

2

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

3

4

WILLIAM LOFTUS, SIDNEY NAIMAN, and LOUIS NAIMAN, individually and on behalf of all others similarly situated,

Case No. 3:19-cv-01608-RS
Hon. Richard Seeborg

5

6

Plaintiffs,

**JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

7

v.

8

SUNRUN INC., and MEDIA MIX 365, LLC, and DOES 1-10,

9

10

Defendants.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Error! Unknown document property name.**

## (PROPOSED) FINAL APPROVAL ORDER AND JUDGMENT

1.      Plaintiffs William Loftus, Sidney Naiman, and Louis Naiman (collectively "Plaintiffs" or "Representative Plaintiffs"), Sunrun Inc. ("Sunrun" or "Defendant"), and the Settlement Class (collectively, the "Parties") reached a settlement. The Parties have submitted a detailed written Stipulation and Agreement of Settlement (the "Settlement" or "Settlement Agreement") together with numerous exhibits and proposed orders. To the extent not otherwise defined herein, all capitalized terms shall have the meanings attributed to them in the Settlement Agreement. The Court gave its preliminary approval of the Settlement on _____, (the "Preliminary Approval Order"). The Court directed the Parties to provide Class Notice of the proposed Settlement by Direct Mail Notice, Long Form Notice on the Settlement Website, and Publication Notice, and scheduled a further hearing to determine whether the proposed Settlement is fair, reasonable, and adequate.

2.      On _____, this Court held a hearing to determine whether the proposed Settlement Agreement executed by Plaintiffs and Defendant should be approved as Final by this Court. Counsel for the Plaintiffs and the Settlement Class and counsel for Defendant appeared at the hearing.

3.      After reviewing the pleadings and evidence filed in support of the request for final approval of the Settlement and conducting the hearing, the Court finds, and

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

4.      This Final Approval Order and Judgment incorporates the Settlement Agreement and all exhibits thereto.

5.      The Court has personal jurisdiction over all Settlement Class Members and Defendant, and the Court has subject matter jurisdiction to approve the Settlement Agreement and all exhibits thereto.

6.      Based upon the record before the Court, including all submissions in support of the Settlement Agreement, objections and responses thereto, as well as the Settlement Agreement itself, the Court hereby certifies the following nationwide class (the "Settlement Class") for settlement purposes only:

     "Settlement Class" means all persons in the United States who, from September

1, 2018 to the date of preliminary approval, received from Sunrun, and/or from or on behalf of Media Mix 365 LLC ("MM"), Resource Marketing Corporation ("RMC") and/or D&M Marketing, Inc. d/b/a Americor ("Americor") in an effort to generate a lead or customer for Sunrun: (a) one or more calls (including text messages) on their cellphones placed via a dialing platform; and/or (b) or at least two telemarketing calls (including text messages) during any 12-month period where their phone numbers appeared on the National Do Not Call Registry for at least 31 days before the calls/texts.

The class definition excludes the following: (1) any trial judge and other judicial officers that may preside over this case; (2) the Mediators; (3) Sunrun, as well as any parent, subsidiary, affiliate or control person of Sunrun, and the officers, directors, agents, servants or employees of Sunrun; (4) any of the Released Parties; (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (6) any person who has previously given a valid release of the claims asserted in the Action; (7) Plaintiffs' Counsel; and (8) persons for whom Sunrun has a record demonstrating "prior express written consent" as defined by the TCPA.

The Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for certification of the nationwide Settlement Class for settlement purposes because: Settlement Class Members are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Representative Plaintiffs are typical of the claims and defenses of the Settlement Class Members they represent; the Representative Plaintiffs have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class they represent; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class, based, *inter alia,* upon the Court's familiarity with the claims and Parties in this case, and the mediation and negotiation process overseen by the Honorable Morton Denlow (Ret.) the Honorable Wayne Andersen (Ret.).

7.     The Settlement Agreement was reached after arm's-length negotiations between the Representative Plaintiffs, Defendant, and their respective counsel. The Settlement Agreement is fair, reasonable, and adequate; consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States

Constitution (including the Due Process Clause), and any other applicable law; and in the best interests of Plaintiffs, Defendant, and the Settlement Class Members.

8.     The Settlement is fair, reasonable, adequate and satisfies the requirements under Fed. R. Civ. P. 23. Therefore, each Settlement Class Member will be bound by the Settlement Agreement, including the Release and the covenant not to sue set forth in Section 8 of the Settlement Agreement.

9.     The Court finds that in negotiating, entering into, and implementing the Settlement, the Representative Plaintiffs and the Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members.

10.     The Class Notice and the notice methodology implemented pursuant to the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was concise, clear and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, their right to be excluded from the Settlement Class, their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Settlement Class Members; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

11.     The terms of the Settlement Agreement and this Final Approval Order and Judgment are binding on the Representative Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

12.     The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata,* collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief,

causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action.

13.     The Representative Plaintiffs, Defendant, and their respective counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

14.     All claims against Defendant asserted in this Action are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement.

15.     The releases set forth in Section 8 of the Settlement Agreement are incorporated by reference and provides, *inter alia,* that for and in consideration of the Cash Benefits, the Released Claims, and the mutual promises contained in the Settlement Agreement: The Releasing Parties do hereby release and fully, finally, and forever discharge the Released Parties from all claims, debts, controversies, losses, liabilities, liens, demands, causes of action, suits, damages (including, but not limited to, actual, statutory, trebled, exemplary, or punitive), fees (including, but not limited to, attorneys' fees), expenses, and obligations of any kind or nature whatsoever, whether in law or in equity, whether known or unknown, fixed or contingent, claimed or unclaimed, direct or indirect, individual or representative, arising out of or relating to any telephone calls or text messages, telemarketing, solicitation, or other marketing or dissemination that was made by, from, or on behalf of Sunrun, and/or made to generate a lead that could be offered to and/or sold by Sunrun. This release includes, but is not limited to, claims involving the actual or alleged use of an automatic telephone dialing system or an artificial or prerecorded voice, or otherwise arising under the TCPA or similar telephone or telemarketing-related federal, state or local laws, regulations or ordinances governing such matters, and any rule or regulation thereunder, or otherwise arising under CIPA or similar federal or state laws governing such matters, and any rule or regulation thereunder, including without limitation, the claims alleged in the FAC or that could have been alleged in the FAC at any time up and through the date of Preliminary Approval. This release specifically extends to calls/texts allegedly or actually placed to telephone numbers on the National Do Not Call Registry (NDNCR), and to telephone calls and/or text messages allegedly

or actually initiated by third parties. The Parties agree that the Release in this Settlement Agreement shall not apply to telemarketing calls placed by third parties where such third parties were not acting on behalf of a Released Party, but instead were acting on behalf of a person or entity other than a Released Party.

16.     The Court hereby grants Class Counsel's request for an Incentive Award for the Representative Plaintiffs in the amount of $_____ each. The Court has considered Class Counsel's Motion for an Award of Attorney's Fees and Costs and additionally grants as reasonable and justified Class Counsel's request for Attorney's Fees of $ _____ and out of pocket costs incurred of $_____.

17.     The Court further approves the establishment of the Settlement Fund as set forth in the Settlement Agreement submitted by the Parties.

18.     This Settlement Fund will constitute Sunrun's exclusive payment obligation under the Settlement Agreement and will be used to pay: (a) Cash Benefits paid to Settlement Class Members, as prescribed by the Settlement Agreement; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any Incentive Award awarded to Representative Plaintiffs; (d) Settlement Administration Costs, including costs of notice (including CAFA Notice); and (e) any *cy pres* payment to the National Consumer Law Center. No portion of the Settlement Fund will be returned to Sunrun, except as provided in Section 11 of the Settlement Agreement, Termination of the Agreement.

19.     Any distribution of the Settlement Fund to the Settlement Class or any other person, other than the Settlement Administrator pursuant to the terms hereof, shall commence only after the Effective Date. The Aggregate Fees, Costs, and Expenses shall be paid from the Settlement Fund prior to any distribution of Cash Benefits to the Settlement Class. The remainder of the Settlement Fund shall be used to pay Cash Benefits in accordance with the rules set forth herein.

20.     If any amounts remain in the Settlement Fund because Settlement Members fail to negotiate their respective Benefit Checks, such unclaimed monies shall be distributed as follows: (a) to the Settlement Class Members who cashed their initial Benefits Checks, to the extent such a distribution is administratively and economically feasible; and if not so feasible, (b) to the National

Consumer Law Center, the *cy pres* designated recipient as appointed by the Court. No portion of the Settlement Fund will be returned to Sunrun, except as provided in Section 11 of the Settlement Agreement, Termination of the Agreement.

21.     The Court further approves the establishment of the Settlement Fund as set forth in the Agreement.

22.     The Court finds that the Settlement Fund is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

(a)     The escrow account for the Settlement Fund is established pursuant to the Preliminary Approval Order and is subject to the continuing jurisdiction of this Court;

(b)     The escrow account for the Settlement Fund is established to resolve or satisfy one or more Claims that have resulted or may result from an event that has occurred and that has given rise to at least one Claim asserting liability arising out of an alleged violation of law; and

(c)     The assets of the escrow account for the Settlement Fund are segregated from other assets of Sunrun, the transferors of the payment to the Settlement Fund.

23.     Under the "relation back" rule provide under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a)     The escrow account for the Settlement Fund met the requirements of paragraph 22 of this Order prior to the date of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

(b)     Defendant and the Settlement Administrator may jointly elect to treat the escrow account for the Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date the escrow account for the Settlement Fund met the requirements of paragraph 22 of this Order or January 1 of the calendar year in which all of the requirements of paragraph 22 of this Order are met. If such a relation-back election is made, the assets held by the escrow account for the Settlement Fund on such date shall be treated as having been transferred to the escrow account for the Settlement Fund on that date.

24.     Nothing in this Final Approval Order and Judgment, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Defendant.

25.     In the event that the Settlement Agreement does not become effective according to its terms, this Final Approval Order and Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated and, all orders entered and released delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

26.     No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a Request for Exclusion), shall commence, continue, or prosecute any action or proceeding against Defendant or any or all Released Parties in any court or tribunal asserting any of the Released Claims defined in the Settlement Agreement, and are hereby permanently enjoined from so proceeding.

27.     Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties, and the administration and enforcement of the Settlement Agreement. Any disputes or controversies arising with respect to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights, as set forth above.

28.     There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

DATED: _____

_____
Richard Seeborg, United States District Court Judge

# EXHIBIT D

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>

**If you received a call  and/or text message from Sunrun Inc.,  and/or from or on behalf of Media Mix 365, LLC, Resource Marketing Corporation and/or D&M Marketing, Inc. d/b/a Americor, in an effort to generate leads for Sunrun, you could receive a cash payment from a class action settlement.**

**A Federal Court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.**

- A proposed settlement has been reached in a class action lawsuit called *Loftus, et al. v. Sunrun Inc. et al.* The lawsuit alleges that telephone solicitations and/or text messages made by or on behalf of Sunrun Inc. ("Sunrun") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Sunrun maintains that it did not make any unauthorized calls and/or send text messages, the lawsuit is without merit, and it was prepared to vigorously defend all aspects of it.

- You are included if, at any time between from from September 1, 2018 to **==(Insert Date of PAO)==**, received from Sunrun, and/or from or on behalf of Media Mix 365 LLC ("Media Mix"), Resource Marketing Corporation ("RMC") and/or D&M Marketing Inc., d/b/a Americor ("Americor") in an effort to generate a lead or customer for Sunrun: (a) one or more calls (including text messages) on their cellphones placed via a dialing platform; and/or (b) at least two telemarketing calls (including text messages) during any 12-month period when their phone numbers appeared on the National Do Not Call Registry for at least 31 days before the calls/texts.

- If the Court approves the Settlement, you may be eligible to receive a single payment. Your payment amount will depend on how many Settlement Class Members submit valid Claim Forms. The Settlement Fund will be divided and distributed equally—sometimes referred to as "pro rata"—to all Settlement Class Members who submit a valid Claim Form after attorneys' fees, costs and expenses, any award for the Representative Plaintiffs, and notice and administration costs have been deducted.

- **Please read this notice carefully.** Your legal rights are affected whether you act or don't act. These rights and options—and **the deadlines to exercise them—are** explained in this Notice.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **SUBMIT THE CLAIM FORM** | The **only** way to receive a payment.  By participating in the settlement, you will be bound by the terms of the Settlement Agreement and will give up certain rights. |
| **EXCLUDE YOURSELF BY** _____ | You will receive no payment, but you will retain any rights you currently have to sue Sunrun about the issues in this case. Your request to exclude yourself must be postmarked by **(90 days after entry of PAO)**. |
| **OBJECT BY** _____ | Write to the Court and explain why you do not like the Settlement. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | You **will not** get a share of the Settlement benefits and will give up your rights to sue Sunrun about the issues in this case. |

2

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be provided only after any issues with the Settlement are resolved. Please be patient.

## BASIC INFORMATION

| 1. Why was this Notice issued? |
|---|

A Court authorized this Notice to let you know about a proposed Settlement with Sunrun. You have legal rights and options that you may exercise before the Court decides whether to approve the proposed Settlement. This Notice explains the Lawsuit, the Settlement, and your legal rights.

Judge Richard Seeborg of the U.S. District Court for the Northern District of California is overseeing this class action. The case is captioned as *Loftus, et al. v. Sunrun Inc. et al.,* No. 3:19-cv-01608-RS. The individuals who sued are called the Representative Plaintiffs. The company they sued, Sunrun Inc. is called the Defendant.

| 2. What is a class action lawsuit? |
|---|

In a class action, one or more "Representative Plaintiffs" sue on behalf of a group of people who have similar claims. In this case and under this Settlement, these people are together called a "Settlement Class" or "Settlement Class Members." In a class action, the court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class. After the parties reached an agreement to settle this case, the Court recognized it as a case that may be treated as a class action for settlement purposes only.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

| 3. What is this lawsuit about? |
|---|

The lawsuit alleges that telephone solicitations and/or text messages made by or on behalf of Sunrun violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The lawsuit alleges that the Defendant violated the Telephone Consumer Protection Act because some consumers did not agree to receive these calls/texts, or because the calls/texts were made to consumers whose phone numbers were on the National Do Not Call Registry. Defendant denies the allegations and maintains that it has strong, meritorious defenses to the claims. The Settlement is not an admission of, and does not establish any, wrongdoing by Sunrun.

More information about the complaint in the lawsuit and the Defendant's answer can be found in the "Court Documents" section of the Settlement website at [website].

| 4. Why is there a Settlement? |
|---|

The Court has not decided whether the Representative Plaintiffs or Defendant should win this case. Instead, both sides agreed to a Settlement. The Representative Plaintiffs and their attorneys ("Class Counsel") believe that the Settlement is in the best interests of the Settlement Class Members.

## WHO'S INCLUDED IN THE SETTLEMENT?

| 5. | How do I know if I am in the Settlement Class? |

The Court decided that this Settlement includes a Class of all persons in the United States who, from September 1, 2018 to _____, received from Sunrun, and/or from or on behalf of Media Mix, RMC and/or Americor in an effort to generate a lead or customer for Sunrun: (a) one or more calls (including text messages) on their cellphones placed via a dialing platform; and/or (b) at least two telemarketing calls (including text messages) during any 12-month period when their phone numbers appeared on the National Do Not Call Registry for at least 31 days before the calls/texts.

The following are excluded from the Settlement Class:  (1) any trial judge and other judicial officers that may preside over this case; (2) the Mediators; (3) Sunrun, as well as any parent, subsidiary, affiliate or control person of Sunrun, and the officers, directors, agents, servants or employees of Sunrun; (4) any of the Released Parties; (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (6) any person who has previously given a valid release of the claims asserted in the Action; (7) Plaintiffs' Counsel; and (8) persons for whom Sunrun has a record demonstrating "prior express written consent" as defined by the TCPA.

Everyone who fits this description, who is not excluded as per the above, is a member of the Settlement Class.

If you received a postcard about this class action, your phone number may be one of the numbers that was called or sent a text message.

| 6. | What were the allegedly unsolicited calls/texts about? |

The calls/texts covered by this Settlement were allegedly made by Sunrun, or from a third party attempting to generate customer leads for Sunrun, offering solar energy products.

## THE SETTLEMENT BENEFITS

| 7. | What does the Settlement provide? |

As part of the Settlement, Defendant has agreed to create a $5,500,000 Settlement Fund. The Settlement Fund will be used to pay all valid claims, costs of administering the Settlement, attorneys' fees and costs, and any incentive payments to the Representative Plaintiffs.

Under the Settlement Agreement, Settlement Class Members must request a payment by submitting by mail or online a valid Claim Form saying that they received an unsolicited call/text and providing all the information requested in the Claim Form. Further details are below.

## HOW TO GET BENEFITS

| 8. | How do I make a claim? |

The Settlement creates a claims process. You can get the Claim Form on this website or by calling [Settlement Administrator number]. The Claim Form may be submitted online or by U.S.

4

Mail sent to [address]. If you file a valid Claim Form and your claim is approved, you will receive a single payment. Your payment amount will depend on how many Settlement Class Members submit valid Claim Forms. The Settlement Fund will be divided and distributed equally—sometimes referred to as "pro rata"—to all Settlement Class Members who submit a valid Claim Form after attorneys' fees, costs and expenses, any award for the Representative Plaintiffs, and notice and administration costs have been deducted.

The Claim Form requires you to provide your name, address, and the telephone number that you received the call(s)/text(s) on. You must verify that you are a member of the Settlement Class and the telephone number on which you received the call(s)/text(s).

***All Claim Forms must be received and properly completed by [claims deadline].***

| 9. | When will I get my payment? |
|---|---|

The hearing to consider the final fairness of the Settlement is scheduled for [insert Final Approval Hearing date]. If the Court approves the Settlement, and after any appeals process is completed, eligible Settlement Class Members whose claims were approved will be sent a check in the mail or electronic payment. If Final Approval is granted, payment will be issued no sooner than _____. Please be patient. All checks will expire and become void 180 days after they are issued.

## THE LAWYERS REPRESENTING YOU

| 10. | Do I have a lawyer in this case? |
|---|---|

Yes, the Court has appointed lawyers Edward A. Broderick, Esq., from Broderick Law, P.C., Matthew P. McCue, Esq., from the Law Offices of Matthew P. McCue, Anthony I. Paronich, Esq., from Paronich Law, P.C., John Fougner, Esq., from Fougner Law, and Andrew Heidarpour, Esq., from Heidarpour Law Firm, PLLC, as the attorneys to represent you and other Settlement Class Members. These attorneys are called "Class Counsel." In addition, the Court appointed plaintiffs William Loftus, Sidney Naiman, and Louis Naiman to serve as the Representative Plaintiffs. They are Settlement Class Members like you.

| 11. | Should I get my own lawyer? |
|---|---|

You do not need to hire your own lawyer. Class Counsel is working on your behalf. However, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask your lawyer to appear in Court for you, at your own expense, if you want someone other than Class Counsel to represent you.

| 12. | How will the lawyers be paid? |
|---|---|

Class Counsel will ask the Court for attorneys' fees, costs, and expenses, totaling up to $_____, and will also request an award of up to $5,000 each for the three Representative Plaintiffs. The Court will determine the proper amount of any attorneys' fees, costs, and expenses to award Class Counsel and the proper amount of any award to the Representative

Plaintiffs. The Court may award less than the amounts requested by Class Counsel and the Representative Plaintiffs, and any money not awarded from these requests will stay in the Settlement Fund to pay Settlement Class Members.

Sunrun has not made any agreement with Class Counsel as to the amounts that they will receive for attorneys' fees, costs, and expenses.

Class Counsel will file with the Court and post on the Settlement website its request for attorneys' fees, costs and expenses, and incentive awards by [date].

## YOUR RIGHTS AND OPTIONS

| **13.   What happens if I do nothing?** |
|---|

If you do nothing, you will receive no payment under the Settlement, you will be in the Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. Also, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims being resolved by this Settlement.

| **14.   What happens if I ask to be excluded?** |
|---|

If you exclude yourself from the Settlement, you cannot claim any money or receive any benefits as a result of the Settlement. You will keep your right to bring your own separate lawsuit against the Defendant for the claims resolved in this Settlement. You will not be legally bound by the Court's judgments related to the Settlement Class in this class action.

| **15.   How do I ask to be excluded?** |
|---|

You can ask to be excluded from the Settlement. To do so, you must send a letter clearly stating that you want to be excluded from the Settlement in *Loftus, et al. v. Sunrun Inc. et al.*, No. 3:19-cv-01608-RS. Your letter must also include your name, address, the phone number that you contend you received the call(s)/text(s) on, and your signature. You must mail your exclusion request no later than **[objection / exclusion deadline]** to:

[Settlement Administrator Address]

You **cannot** exclude yourself by phone, fax or email.

| **16.   If I don't exclude myself, can I sue the Defendant for the same thing later?** |
|---|

No. Unless you exclude yourself, you give up any right to sue Defendant for the claims being resolved by this Settlement.

| **17.   If I exclude myself, can I get anything from this Settlement?** |
|---|

No. If you exclude yourself, you may not submit a Claim Form to ask for a payment.

| 18. | How do I object to the Settlement? |
|---|---|

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. You cannot ask the Court to order a larger or different settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no settlement payments will be sent out, and the Lawsuit will continue. If that is what you want to happen, you must object in writing. The Court will consider your views. Your objection and supporting papers must include:

1. A caption or title that identifies it as "Objection to Class Settlement in *Loftus, et al. v. Sunrun Inc. et al.*, No. 3:19-cv-01608-RS,"

2. Your full name, address, and telephone number;

3. The name, address, and telephone number of any attorney representing you with respect to the objection;

4. The factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for your standing as a Settlement Class Member, including the date(s) and phone number(s) at which you received the calls/texts covered by this Settlement; and

5. The case name, case number, and court for any prior class action lawsuit in which you and your attorney (if applicable) have objected to a proposed class action settlement.

Your written objection must be signed and dated, and postmarked no later than **date\***. You must mail your objection to the Settlement Administrator at:

**Address\***

If, in addition to submitting a written objection to the Settlement, you wish to appear and be heard at the Final Approval Hearing on the fairness of the Settlement, you must file by [Opt-Out Deadline] a notice of intention to appear with the Court and list the name, address, and telephone number of the attorney, if any, who will appear on your behalf. If you choose to appear at the Final Approval Hearing, you may not raise matters that you could have raised but did not raise in your written objection, and all objections that are not set forth in your written objection may be deemed waived.

| 19. | What's the difference between objecting and excluding myself from the Settlement? |
|---|---|

Objecting simply means telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class (i.e., you do not exclude yourself from the Settlement). Excluding yourself from the Settlement Class is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

| **20.    When and where will the Court hold a hearing on the fairness of the Settlement?** |
| --- |

A Final Approval Hearing has been set for [date] at [time], before the Honorable Richard Seeborg at San Francisco Courthouse, Courtroom 3, 17th floor, 450 Golden Gate Avenue, San Francisco, CA 94102. At the hearing, the Court will hear any objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses and the incentive awards to the Representative Plaintiffs.

**Note:** The date and time of the fairness hearing are subject to change by Court Order, but any changes will be posted at the Settlement website, [website], or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

| **21.    Do I have to come to the hearing?** |
| --- |

No. Class Counsel will answer any questions the Court may have, but you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay another lawyer to attend, but you do not have to.

| **22.    May I speak at the hearing?** |
| --- |

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement by asking to speak in your objection by following the instructions above in section 18.

## GETTING MORE INFORMATION

| **23.    Where can I get additional information?** |
| --- |

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at [website], by contacting Class Counsel at [phone number], by accessing the Court docket in this case through the Court's PACER system at https://ecf. cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS**

# EXHIBIT E

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LOFTUS, SIDNEY NAIMAN, and, LOUIS NAIMAN, INDIVIDUALLY and on behalf of all others similarly situated,<br><br><div align=right>Plaintiffs,</div><br>v.<br><br>SUNRUN INC., and MEDIA MIX 365, LLC, and DOES 1-10,<br><br><div align=right>Defendants.</div> | Case No. 3:19-cv-01608-RS<br><br>Hon. Richard Seeborg<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF STIPULATION AND AGREEMENT OF SETTLEMENT, CONDITIONAL CLASS CERTIFICATION, NOTICE TO SETTLEMENT CLASS MEMBERS AND ENTRY OF SCHEDULING ORDER** |

## INTRODUCTION

Pending is the Unopposed Motion for Preliminary Approval of Stipulation and Agreement of Settlement, Conditional Class Certification, Notice to Class Members and Entry of Scheduling Order (the "Motion") of plaintiffs William Loftus, Sidney Naiman, and Louis Naiman (collectively, "Plaintiffs").  For the reasons stated herein, the Court grants Plaintiffs' Motion, conditionally certifies the class for settlement purposes only, preliminarily approves the Stipulation of Settlement, and enters the schedule set forth below for notice to Settlement Class Members, exclusion and opt-out deadlines, and for a final approval hearing.

**WHEREAS**, on _____, the parties filed a Stipulation and Agreement of Settlement (the "Settlement" or "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for the Settlement and release of certain claims against Sunrun Inc. ("Sunrun").  The Settlement Agreement was entered into only after extensive arm's-length negotiation by experienced counsel and in mediation under the guidance of the Honorable Morton Denlow (Ret.) and the Honorable Wayne Andersen (Ret.);

**WHEREAS**, the Court having considered the Settlement Agreement (which defines the capitalized terms used herein) and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination that the Settlement appears fair, reasonable and adequate, and that a hearing should and will be held after Class Notice to the Settlement Class to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether a Judgment approving the Settlement and an Order dismissing the Action based upon the Settlement be entered;

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

## I.   THE CLASS, REPRESENTATIVE PLAINTIFFS, AND CLASS COUNSEL

1.     For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

2.     Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is preliminarily certified, consisting of the following:

> "Settlement Class" means all persons in the United States who, from September 1, 2018 to the date of preliminary approval, received from Sunrun, and/or from or on behalf of Media Mix 365 LLC ("Media Mix"), Resource Marketing Corporation ("RMC") and/or D&M Marketing, Inc. d/b/a Americor (Americor") in an effort to generate a lead or customer for Sunrun: (a) one or more calls (including text messages) on their cellphones placed via a dialing platform; and/or (b) or at least two telemarketing calls (including text messages) during any 12-month period where their phone numbers appeared on the National Do Not Call Registry for at least 31 days before the calls/texts.  The following are excluded from the Settlement Class: (1) any trial judge and other judicial officers that may preside over this case; (2) the Mediators; (3) Sunrun, as well as any parent, subsidiary, affiliate or control person of Sunrun, and the officers, directors, agents, servants or employees of Sunrun; (4) any of the Released Parties; (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline;

(6) any person who has previously given a valid release of the claims asserted in the Action; (7) Plaintiffs' Counsel; and (8) persons for whom Sunrun has a record demonstrating "prior express written consent" as defined by the TCPA.

3.      Pursuant to Fed. R. Civ. P. 23, and for settlement purposes only, Plaintiffs William Loftus, Sidney Naiman, and Louis Naiman are hereby appointed Representative Plaintiffs ("Plaintiffs" or "Representative Plaintiffs") and the following counsel are hereby appointed as Class Counsel:

Edward A. Broderick, Esq.
BRODERICK LAW, P.C.
99 High Street
Boston, MA 02110

Matthew P. McCue, Esq.
THE LAW OFFICES OF MATTHEW P. McCUE
1 South Avenue, Suite 3
Natick, MA 01760

Anthony I. Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

Jon Fougner, Esq.
FOUGNER LAW
600 California Street, 11th Floor
San Francisco, CA 94108

Andrew Heidarpour, Esq.
HEIDARPOUR LAW FIRM, PLLC
1300 Pennsylvania Avenue, NW, 190-318
Washington, DC 20004

4.      The Court preliminarily finds that the proposed Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and hereby certifies the Settlement Class for settlement purposes only.  The Court hereby preliminarily finds, in the specific context of the Class Settlement, that:

(a) <u>Numerosity</u>:  The Settlement Class satisfies the numerosity requirement of Fed. R. Civ. P. 23(a).  Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

(b) <u>Commonality</u>:  There are questions of law and fact, with regard to the alleged activities of Defendants, common to the Settlement Class.

(c) <u>Typicality</u>:  The claims of the Representatives Plaintiffs are typical of the claims of the Settlement Class they seek to represent.  Therefore, in the context of this settlement the element of typicality is satisfied.

(d) <u>Adequate Representation</u>:  The Representative Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members.  The Representative Plaintiffs will fairly and adequately represent the interests of the Settlement Class. Additionally, this Court recognizes the experience of Class Counsel and finds under Fed. R. Civ. P. 23(g) that the requirement of adequate representation of the Settlement Class has been fully met.

(e) <u>Predominance of Common Issues</u>:  The questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members.  In the context of this Settlement, these issues predominate over any individual questions, favoring class treatment.

(f) <u>Superiority of the Class Action Mechanism</u>:  The class action mechanism is ideally suited for treatment of the settlement of these matters.  Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.  Therefore, the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court further finds that: (i) the Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (ii) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by the Settlement Class Members, with the exception of: *Saunders v. Sunrun Inc.*, No. 4:19-cv-04548-HSG (N.D. Cal.), and *Smith v. Pro Custom Solar LLC*, No. 2:19-cv-20673-KM-ESK (D. N.J.); (iii) it is desirable to concentrate the claims in this forum; and (iv) it is unlikely that there will be difficulties encountered in administering this Settlement.

6. The Representative Plaintiffs are William Loftus, Sidney Naiman, and Louis Naiman. Based upon the Court's familiarity with the claims and parties, and the negotiation and mediation process overseen by the Honorable Morton Denlow (Ret.) and the Honorable Wayne Andersen, the Court preliminarily finds that these designated Representative Plaintiffs are appropriate for settlement purposes. The Court finds that the Representative Plaintiffs are members of the Settlement Class.

7. If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Settlement Class shall be void, and Plaintiffs and Defendants shall be deemed to have reserved all of their rights as set forth in the Settlement Agreement, including but not limited to the issues related to all claims, defenses, and issues under Fed. R. Civ. P. 23.

## II.    THE SETTLEMENT FUND

8. Pursuant to the Settlement Agreement, Sunrun shall deposit a total of five million five hundred thousand dollars ($5,500,000) into the Settlement Fund when this Settlement becomes Final, as per the terms of the Settlement Agreement. The Settlement Fund will be maintained by the Settlement Administrator for the benefit of the Settlement Class and Class Counsel. All of the monies deposited by Sunrun into the Settlement Fund will be placed in an

interest bearing escrow account established and maintained by the Settlement Administrator.  The interest generated, if any, will accrue to the benefit of the Settlement Class and is to be added into the Settlement Fund.  Sunrun shall make deposits into the Settlement Fund in accordance with the following schedule:

           a.      Within ten (10) days of the entry of the Preliminary Approval Order, Sunrun will disburse to the Settlement Administrator two hundred fifty thousand dollars ($250,000) of the Settlement Fund to be used by the Settlement Administrator for preliminary Settlement Administration Costs, including the costs to complete the Class Notice, establish and maintain the Settlement Website, establish and maintain a toll-free number for questions by class members, as well as any other initial administration costs to the Parties.

           b.      All Settlement Administration Costs will be drawn from the Settlement Fund by the Settlement Administrator, subject to the written approval of Sunrun (via its counsel) and Class Counsel.

           c.      Sunrun will disburse to the Settlement Administrator the remainder of the Settlement Fund within fifteen (15) days following the Effective Date.

    9.      The Settlement Fund will constitute Sunrun's exclusive payment obligation under the Settlement Agreement and will be used to pay:  (a) Cash Benefits paid to Settlement Class Members, as prescribed by the Settlement Agreement; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any Incentive Award awarded to William Loftus, Sidney Naiman, and Louis Naiman; (d) Settlement Administration Costs, including costs of notice (including CAFA Notice); and (e) any *cy pres* payment to the National Consumer Law Center pursuant to the procedures described in the Settlement Agreement.  No portion of the Settlement Fund will be returned to

Sunrun, except as provided in Section 11 of the Settlement Agreement, Termination of the Agreement.

10.    Any distribution of the Settlement Fund to the Settlement Class or any other person, other than the Settlement Administrator pursuant to the terms hereof, shall commence only after the Effective Date.  The Aggregate Fees, Costs, and Expenses shall be paid from the Settlement Fund prior to any distribution of Cash Benefits to the Settlement Class.  The remainder of the Settlement Fund shall be used to pay Cash Benefits in accordance with the rules set forth herein.

11.    If the Settlement Agreement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made, other than payments to the Settlement Administrator for services rendered and costs incurred.

12.    The Court finds that the Settlement Fund is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

(a)    The escrow account for the Settlement Fund is established pursuant to this Order and is subject to the continuing jurisdiction of this Court;

(b)    The escrow account for the Settlement Fund is established to resolve or satisfy one or more Approved Claims that have resulted or may result from an event that has occurred and that has given rise to at least one Approved Claim asserting liability arising out of an alleged violation of law; and

(c)    The assets of the escrow account for the Settlement Fund are segregated from other assets of Sunrun, the transferor of the payment to the Settlement Fund.

13.    Under the "relation back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a)     The escrow account for the Settlement Fund meets the requirements of paragraphs 12(b) and 12(c) of this Order prior to the date of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

(b)     Sunrun and the Settlement Administrator may jointly elect to treat the escrow account for the Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date the escrow account for the Settlement Fund met the requirements of paragraph 12 of this Order or January 1 of the calendar year in which all of the requirements of paragraph 12 of this Order are met.  If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the escrow account on that date.

## III.   NOTICE TO SETTLEMENT CLASS MEMBERS

14.     The Court has considered the proposed Exhibits B, D and F attached to the Settlement Agreement and finds that the form, content, and manner of notice proposed by the parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstance, constitute sufficient notice to all persons and entities entitled to notice, and satisfy the Constitutional requirements of notice.  The Court approves the notices in all respects, including the proposed forms of notice and the notice provisions of the Settlement Agreement, and orders that notice be given in substantial conformity therewith.  The costs of disseminating the Class Notice shall be paid from the Settlement Fund in accordance with the Settlement Agreement.

15.     All costs of providing the Class Notice as provided herein, including the costs of identifying address information for Settlement Class Members and the costs of printing, web hosting and/or publishing the Class Notice, shall be paid for out of the Settlement Fund, subject to

the terms hereof.  In the event that the Settlement Agreement is terminated pursuant to its terms, Sunrun shall bear any costs of providing Class Notice already incurred.

16.    The Court hereby approves the form, content and requirements of the Class Notices annexed to the Settlement Agreement as Exhibits B, D and F and the procedure for notice set forth under Section 6 in the Settlement Agreement.

17.    The Court hereby finds that compliance with the procedures in Section 6 of the Settlement Agreement is the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, the terms of the Settlement Agreement, and the Final Approval Hearing, and shall satisfy the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, rule and/or regulation.

## IV.    CONFIDENTIALITY

18.    Any information received by the Settlement Administrator in connection with the Settlement Class that pertains to a particular Settlement Class Member, or information submitted in conjunction with a Request for Exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Class Counsel, Sunrun's Counsel, and the Court, or as otherwise provided in the Settlement Agreement.

## V.    REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS

19.    Settlement Class Members who wish to be excluded from Settlement Class shall mail a written Request for Exclusion to the Settlement Administrator, so that it is postmarked no later than ninety (90) days after the entry of the Notice Date (the "Opt-Out Deadline"), and shall clearly state the following:  the name, address, telephone number, of the individual or entity who wishes to be excluded from the Settlement Class, and provide all such information as may be required by the Settlement Agreement or requested by the Settlement Administrator.

## VI.   APPOINTMENT OF SETTLEMENT ADMINISTRATOR

20.    The Court appoints Kurtzman Carson Consultants as the Settlement Administrator. Responsibilities of the Settlement Administrator shall include the following: (a) completing Class Notice, as provided in Section 6 of the Settlement Agreement; (b) obtaining complete address information for Settlement Class Members (where possible) and new addresses for returned mail; (c) creating and maintaining a Settlement Website, from which Settlement Class Members can access copies of the Complaint, the Settlement Agreement, the Short Form Notice, the Long Form Notice, this Preliminary Approval Order and other important documents and information about the Settlement; (d) setting up and maintaining a toll-free telephone number and fielding telephone inquiries about the Settlement; (e) reviewing, processing and approving Claims; (f) acting as a liaison between Settlement Class Members and the Parties; (g) directing the mailing of Benefit Checks to Settlement Class Members; (h) providing copies of any objections that are received to Sunrun's counsel and Class Counsel as they are received; (i) preparing and providing a declaration to Sunrun's counsel and Class Counsel, no later than seven (7) calendar days prior to the Final Approval Hearing, that will attest to the compliance with the provisions of the Settlement Agreement related to Class Notice and list each Settlement Class Member who timely and validly opted out of the Settlement; and (j) performing any other tasks reasonably required to effectuate the Settlement.

## VII.   FINAL APPROVAL HEARING AND SCHEDULE

21.    A hearing (the "Final Approval Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court no earlier than one hundred sixty (160) days from the date of entry of the Preliminary Approval Order.

22.    The Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court for the following purposes:

(a)     to determine whether the applicable prerequisites for settlement of a class action under Fed. R. Civ. P. 23(a) and (b) are met;

(b)     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)     to determine whether any objections to the Settlement should be overruled;

(d)     to determine whether the Attorneys' Fees and Costs requested by Class Counsel and Incentive Awards to the Representative Plaintiffs should be approved, and whether a Judgment finally approving the Settlement should be entered;

(e)     to consider the distribution of the Settlement Fund pursuant to the Stipulation of Settlement; and

(f)     to rule upon such other matters as the Court may deem appropriate.

23.     Class Counsel may respond to any objections to the Settlement no later than ten (10) days before the Final Approval Hearing.  Class Counsel shall file a Motion for Final Approval no later than fourteen days (14) before the Final Approval Hearing.  The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class.  After the Final Approval Hearing, the Court may enter a Judgment approving the Settlement Agreement and an Order dismissing the Action in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members.

24.     No later than seven (7) calendar days prior to the Final Approval Hearing, the Settlement Administrator will file with the Court and serve both Class Counsel and Sunrun's Counsel a declaration stating that the Class Notice required by the Settlement Agreement has been completed in accordance with the terms of this Preliminary Approval Order.

25.     On or before fourteen (14) days prior to the Claim Deadline, Class Counsel shall file and serve: (i) a motion for Attorneys' Fees and Costs; and (ii) any application for an Incentive Awards to the Representative Plaintiffs.  For clarity, the deadlines the parties shall adhere to are as follows:

Class Notice Mailed (and emailed where email addresses are available) by: _____ (the "Notice Date") (*within 30 days after entry of Preliminary Approval Order*)

Claims Deadline: All claims are to be filed postmarked no later than 90 days after entry of the Preliminary Approval Order.

Class Counsels' Fee and Cost Application: _____ (within 14 days prior to the Claim Deadline)

Objection/Opt-Out Deadline: _____(*90 days from the Notice Date*)

Final Approval Submissions: _____ (*14 days prior to Final Approval Hearing*)

Final Approval Hearing: _____ (*at least 160 days after Preliminary Approval*)

26.     Pending final determination of whether the Settlement should be approved, the Plaintiffs and/or Sunrun shall cooperate in seeking orders that no Settlement Class Member (either directly, in a representative capacity, or in any other capacity), and anyone who acts or purports to act on their behalf, shall institute, commence or prosecute any action that asserts Released Claims against Sunrun or other Released Parties.

27.     If a Settlement Class Member wants to appear at the Final Approval Hearing and be heard with respect to objecting to the Settlement, that person or entity must file with the Court and serve on Class Counsel and Sunrun's Counsel a written notice of the intention to appear at the Final Approval Hearing and object.  Such written statement and notice must be mailed to the Settlement Administrator at the address set forth in the Class Notice, and post marked no later than ninety (90) days after entry of the Preliminary Approval Order (the "Objection Deadline").

Settlement Class Members who fail to serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.  If a Settlement Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or served with, the objection.  Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing.  If a Settlement Class Member hires an attorney to represent him or her, at the Settlement Class Member's own expense, that attorney must file a notice of appearance with the clerk of the Court on or before the Objection Deadline.

## VIII.   OTHER PROVISIONS

28.     If the Settlement does not become effective, the order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated, voided and treated as if never filed, and the parties will retain and reserve all positions with respect to the litigation, and the litigation shall proceed as if no settlement had been reached.

29.     The Court finds that Sunrun has made no admissions of liability or wrongdoing of any kind associated with the alleged claims in the operative Complaint.  Sunrun has made no admission of liability or wrongdoing regarding each and every material factual allegation and all claims asserted against it in the Action.  Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing herein will constitute an admission by Sunrun that the Action is properly brought on a class or representative basis, or that class(es) may be certified, other than for settlement purposes.  The Court further finds that the Settlement of the Action, the negotiation and execution of this Settlement, and all acts performed

or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Sunrun or of the truth of any allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Sunrun in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

30.    The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED:  _____

_____
Richard Seeborg, United States District Court Judge

14

# Exhibit F

If you received a call from or on behalf of Sunrun, Media Mix 365, Resource Marketing or Americor, in an effort to generate leads for **Sunrun,** you could receive a <u>**cash payment**</u> from a class action settlement.

Learn More

[WEBSITE].com

**Loftus v. Sunrun Inc.**
Sponsored · ⚙

If you received a call from or on behalf of Sunrun, Media Mix 365, Resource Marketing or Americor, in an effort to generate leads for Sunrun, you could receive a cash payment from a class action settlement.



EXAMPLE.COM
**Loftus v. Sunrun Inc.**

**Learn More**

 👍 Like           💬 Comment           ↗ Share           🦅 ▼



Loftus v. Sunrun Inc.
example.com

**Loftus v. Sunrun Inc.**
Sponsored · ✳

If you received a call from or on behalf of
Sunrun, Media Mix 365, Resource Marketing or
Americor, in an effort to generate    ...See More



EXAMPLE.COM
**Loftus v. Sunrun Inc.**

LEARN MORE

 Like      Comment      Share