| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **NORTHERN DISTRICT OF CALIFORNIA** | |
| WILLIAM LOFTUS, SIDNEY NAIMAN, and, LOUIS NAIMAN, INDIVIDUALLY and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUNRUN INC., and MEDIA MIX 365, LLC, and DOES 1-10,<br><br>Defendants. | Case No. 3:19-cv-01608-RS<br><br>Hon. Richard Seeborg<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF STIPULATION AND AGREEMENT OF SETTLEMENT, CONDITIONAL CLASS CERTIFICATION, NOTICE TO SETTLEMENT CLASS MEMBERS AND ENTRY OF SCHEDULING ORDER** |

## INTRODUCTION

Pending is the Unopposed Motion for Preliminary Approval of Stipulation and Agreement of Settlement, Conditional Class Certification, Notice to Class Members and Entry of Scheduling Order (the "Motion") of plaintiffs William Loftus, Sidney Naiman, and Louis Naiman (collectively, "Plaintiffs"). For the reasons stated herein, the Court grants Plaintiffs' Motion, conditionally certifies the class for settlement purposes only, preliminarily approves the Stipulation of Settlement, and enters the schedule set forth below for notice to Settlement Class Members, exclusion and opt-out deadlines, and for a final approval hearing.

**WHEREAS**, on August 27, 2020, the parties filed a Stipulation and Agreement of Settlement (the "Settlement" or "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for the Settlement and release of certain claims against Sunrun Inc. ("Sunrun"). The Settlement Agreement was entered into only after extensive arm's-length negotiation by experienced counsel and in mediation under the guidance of the Honorable Morton Denlow (Ret.) and the Honorable Wayne Andersen (Ret.);

**WHEREAS**, the Court having considered the Settlement Agreement (which defines the capitalized terms used herein) and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination that the Settlement appears fair, reasonable and adequate, and that a hearing should and will be held after Class Notice to the Settlement Class to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether a Judgment approving the Settlement and an Order dismissing the Action based upon the Settlement be entered;

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

**I.  THE CLASS, REPRESENTATIVE PLAINTIFFS, AND CLASS COUNSEL**

1. For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

2. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is preliminarily certified, consisting of the following:

> "Settlement Class" means all persons in the United States who, from September 1, 2018 to the date of preliminary approval, received from Sunrun, and/or from or on behalf of Media Mix 365 LLC ("Media Mix"), Resource Marketing Corporation ("RMC") and/or D&M Marketing, Inc. d/b/a Americor ("Americor") in an effort to generate a lead or customer for Sunrun: (a) one or more calls (including text messages) on their cellphones placed via a dialing platform; and/or (b) or at least two telemarketing calls (including text messages) during any 12-month period where their phone numbers appeared on the National Do Not Call Registry for at least 31 days before the calls/texts. The following are excluded from the Settlement Class: (1) any trial judge and other judicial officers that may preside over this case; (2) the Mediators; (3) Sunrun, as well as any parent, subsidiary, affiliate or control person of Sunrun, and the officers, directors, agents, servants or employees of Sunrun; (4) any of the Released Parties; (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline;

(6) any person who has previously given a valid release of the claims asserted in the Action; (7) Plaintiffs' Counsel; and (8) persons for whom Sunrun has a record demonstrating "prior express written consent" as defined by the TCPA.

3. Pursuant to Fed. R. Civ. P. 23, and for settlement purposes only, Plaintiffs William Loftus, Sidney Naiman, and Louis Naiman are hereby appointed Representative Plaintiffs ("Plaintiffs" or "Representative Plaintiffs") and the following counsel are hereby appointed as Class Counsel:

> Edward A. Broderick, Esq.
> BRODERICK LAW, P.C.
> 176 Federal Street, Fifth Floor
> Boston, MA 02110
>
> Matthew P. McCue, Esq.
> THE LAW OFFICES OF MATTHEW P. McCUE
> 1 South Avenue, Suite 3
> Natick, MA 01760
>
> Anthony I. Paronich, Esq.
> PARONICH LAW, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
>
> Andrew Heidarpour, Esq.
> HEIDARPOUR LAW FIRM, PLLC
> 1300 Pennsylvania Avenue, NW, 190-318
> Washington, DC 20004

4. The Court preliminarily finds that the proposed Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and hereby certifies the Settlement Class for settlement purposes only. The Court hereby preliminarily finds, in the specific context of the Class Settlement, that:

(a) <u>Numerosity</u>: The Settlement Class satisfies the numerosity requirement of Fed. R. Civ. P. 23(a). Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

(b) <u>Commonality</u>: There are questions of law and fact, with regard to the alleged activities of Defendants, common to the Settlement Class.

(c) <u>Typicality</u>: The claims of the Representatives Plaintiffs are typical of the claims of the Settlement Class they seek to represent. Therefore, in the context of this settlement the element of typicality is satisfied.

(d) <u>Adequate Representation</u>: The Representative Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members. The Representative Plaintiffs will fairly and adequately represent the interests of the Settlement Class. Additionally, this Court recognizes the experience of Class Counsel and finds under Fed. R. Civ. P. 23(g) that the requirement of adequate representation of the Settlement Class has been fully met.

(e) <u>Predominance of Common Issues</u>: The questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members. In the context of this Settlement, these issues predominate over any individual questions, favoring class treatment.

(f) <u>Superiority of the Class Action Mechanism</u>: The class action mechanism is ideally suited for treatment of the settlement of these matters. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country. Therefore, the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court further finds that: (i) the Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (ii) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the

claims at issue by the Settlement Class Members, with the exception of: *Saunders v. Sunrun Inc.*, No. 4:19-cv-04548-HSG (N.D. Cal.), and *Smith v. Pro Custom Solar LLC*, No. 2:19-cv-20673-KM-ESK (D. N.J.); (iii) it is desirable to concentrate the claims in this forum; and (iv) it is unlikely that there will be difficulties encountered in administering this Settlement.

6. The Representative Plaintiffs are William Loftus, Sidney Naiman, and Louis Naiman. Based upon the Court's familiarity with the claims and parties, and the negotiation and mediation process overseen by the Honorable Morton Denlow (Ret.) and the Honorable Wayne Andersen, the Court preliminarily finds that these designated Representative Plaintiffs are appropriate for settlement purposes. The Court finds that the Representative Plaintiffs are members of the Settlement Class.

7. If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Settlement Class shall be void, and Plaintiffs and Defendants shall be deemed to have reserved all of their rights as set forth in the Settlement Agreement, including but not limited to the issues related to all claims, defenses, and issues under Fed. R. Civ. P. 23.

## II. THE SETTLEMENT FUND

8. Pursuant to the Settlement Agreement, Sunrun shall deposit a total of five million five hundred thousand dollars ($5,500,000) into the Settlement Fund when this Settlement becomes Final, as per the terms of the Settlement Agreement. The Settlement Fund will be maintained by the Settlement Administrator for the benefit of the Settlement Class and Class Counsel. All of the monies deposited by Sunrun into the Settlement Fund will be placed in an interest bearing escrow account established and maintained by the Settlement Administrator. The interest generated, if any, will accrue to the benefit of the Settlement Class and is to be added into

the Settlement Fund. Sunrun shall make deposits into the Settlement Fund in accordance with the following schedule:

      a.     Within ten (10) days of the entry of the Preliminary Approval Order, Sunrun will disburse to the Settlement Administrator two hundred fifty thousand dollars ($250,000) of the Settlement Fund to be used by the Settlement Administrator for preliminary Settlement Administration Costs, including the costs to complete the Class Notice, establish and maintain the Settlement Website, establish and maintain a toll-free number for questions by class members, as well as any other initial administration costs to the Parties.

      b.     All Settlement Administration Costs will be drawn from the Settlement Fund by the Settlement Administrator, subject to the written approval of Sunrun (via its counsel) and Class Counsel.

      c.     Sunrun will disburse to the Settlement Administrator the remainder of the Settlement Fund within fifteen (15) days following the Effective Date.

9.     The Settlement Fund will constitute Sunrun's exclusive payment obligation under the Settlement Agreement and will be used to pay: (a) Cash Benefits paid to Settlement Class Members, as prescribed by the Settlement Agreement; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any Incentive Award awarded to William Loftus, Sidney Naiman, and Louis Naiman; (d) Settlement Administration Costs, including costs of notice (including CAFA Notice); and (e) any *cy pres* payment to the National Consumer Law Center pursuant to the procedures described in the Settlement Agreement. No portion of the Settlement Fund will be returned to Sunrun, except as provided in Section 11 of the Settlement Agreement, Termination of the Agreement.

10. Any distribution of the Settlement Fund to the Settlement Class or any other person, other than the Settlement Administrator pursuant to the terms hereof, shall commence only after the Effective Date. The Aggregate Fees, Costs, and Expenses shall be paid from the Settlement Fund prior to any distribution of Cash Benefits to the Settlement Class. The remainder of the Settlement Fund shall be used to pay Cash Benefits in accordance with the rules set forth herein.

11. If the Settlement Agreement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made, other than payments to the Settlement Administrator for services rendered and costs incurred.

### III. NOTICE TO SETTLEMENT CLASS MEMBERS

12. The Court has considered the proposed Exhibits B, D and F attached to the Settlement Agreement and finds that the form, content, and manner of notice proposed by the parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstance, constitute sufficient notice to all persons and entities entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the notices in all respects, including the proposed forms of notice and the notice provisions of the Settlement Agreement, and orders that notice be given in substantial conformity therewith. The costs of disseminating the Class Notice shall be paid from the Settlement Fund in accordance with the Settlement Agreement.

13. All costs of providing the Class Notice as provided herein, including the costs of identifying address information for Settlement Class Members and the costs of printing, web hosting and/or publishing the Class Notice, shall be paid for out of the Settlement Fund, subject to the terms hereof. In the event that the Settlement Agreement is terminated pursuant to its terms, Sunrun shall bear any costs of providing Class Notice already incurred.

14. The Court hereby approves the form, content and requirements of the Class Notices annexed to the Settlement Agreement as Exhibits B, D and F and the procedure for notice set forth under Section 6 in the Settlement Agreement.

15. The Court hereby finds that compliance with the procedures in Section 6 of the Settlement Agreement is the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, the terms of the Settlement Agreement, and the Final Approval Hearing, and shall satisfy the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, rule and/or regulation.

IV. **CONFIDENTIALITY**

16. Any information received by the Settlement Administrator in connection with the Settlement Class that pertains to a particular Settlement Class Member, or information submitted in conjunction with a Request for Exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Class Counsel, Sunrun's Counsel, and the Court, or as otherwise provided in the Settlement Agreement.

V. **REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS**

17. Settlement Class Members who wish to be excluded from Settlement Class shall mail a written Request for Exclusion to the Settlement Administrator, so that it is postmarked no later than ninety (90) days after the entry of the Notice Date (the "Opt-Out Deadline"), and shall clearly state the following: the name, address, telephone number, of the individual or entity who wishes to be excluded from the Settlement Class, and provide all such information as may be required by the Settlement Agreement or requested by the Settlement Administrator.

## VI. APPOINTMENT OF SETTLEMENT ADMINISTRATOR

18. The Court appoints Kurtzman Carson Consultants as the Settlement Administrator. Responsibilities of the Settlement Administrator shall include the following: (a) completing Class Notice, as provided in Section 6 of the Settlement Agreement; (b) obtaining complete address information for Settlement Class Members (where possible) and new addresses for returned mail; (c) creating and maintaining a Settlement Website, from which Settlement Class Members can access copies of the Complaint, the Settlement Agreement, the Short Form Notice, the Long Form Notice, this Preliminary Approval Order and other important documents and information about the Settlement; (d) setting up and maintaining a toll-free telephone number and fielding telephone inquiries about the Settlement; (e) reviewing, processing and approving Claims; (f) acting as a liaison between Settlement Class Members and the Parties; (g) directing the mailing of Benefit Checks to Settlement Class Members; (h) providing copies of any objections that are received to Sunrun's counsel and Class Counsel as they are received; (i) preparing and providing a declaration to Sunrun's counsel and Class Counsel, no later than seven (7) calendar days prior to the Final Approval Hearing, that will attest to the compliance with the provisions of the Settlement Agreement related to Class Notice and list each Settlement Class Member who timely and validly opted out of the Settlement; and (j) performing any other tasks reasonably required to effectuate the Settlement.

## VII. SCHEDULE FOR NOTICE, CLAIMS AND FINAL APPROVAL

19. Notice is to be commenced by **October 30, 2020.**

20. Class Counsel shall file and serve: (i) a motion for Attorneys' Fees and Costs; and (ii) any application for an Incentive Awards to the Representative Plaintiffs, no later than **December 8, 2021**.

21. The deadline to file claims, to opt out, or to object to the settlement is **January 28, 2021..**

22. Class Counsel may respond to any objections to the Settlement and file a Motion for Final Approval no later than **April 16, 2021**.

23. No later than **April 16, 2021**, the Settlement Administrator will file with the Court and serve both Class Counsel and Sunrun's Counsel a declaration stating that the Class Notice required by the Settlement Agreement has been completed in accordance with the terms of this Preliminary Approval Order.

24. The Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court on **May 6, 2021 at 1:30 p.m.** for the following purposes:

(a) to determine whether the applicable prerequisites for settlement of a class action under Fed. R. Civ. P. 23(a) and (b) are met;

(b) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether any objections to the Settlement should be overruled;

(d) to determine whether the Attorneys' Fees and Costs requested by Class Counsel and Incentive Awards to the Representative Plaintiffs should be approved, and whether a Judgment finally approving the Settlement should be entered;

(e) to consider the distribution of the Settlement Fund pursuant to the Stipulation of Settlement; and

(f) to rule upon such other matters as the Court may deem appropriate.

25. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. After the Final Approval

Hearing, the Court may enter a Judgment approving the Settlement Agreement and an Order dismissing the Action in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members.

26. Pending final determination of whether the Settlement should be approved, the Plaintiffs and/or Sunrun shall cooperate in seeking orders that no Settlement Class Member (either directly, in a representative capacity, or in any other capacity), and anyone who acts or purports to act on their behalf, shall institute, commence or prosecute any action that asserts Released Claims against Sunrun or other Released Parties.

27. If a Settlement Class Member wants to appear at the Final Approval Hearing and be heard with respect to objecting to the Settlement, that person or entity must file with the Court and serve on Class Counsel and Sunrun's Counsel a written notice of the intention to appear at the Final Approval Hearing and object. Such written statement and notice must be mailed to the Settlement Administrator at the address set forth in the Class Notice, and post marked no later than **January 28, 2021**. Settlement Class Members who fail to serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. If a Settlement Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or served with, the objection. Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing. If a Settlement Class Member hires an attorney to represent him or her, at the Settlement Class

Member's own expense, that attorney must file a notice of appearance with the clerk of the Court on or before the Objection Deadline.

## VIII. OTHER PROVISIONS

28.     If the Settlement does not become effective, the order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated, voided and treated as if never filed, and the parties will retain and reserve all positions with respect to the litigation, and the litigation shall proceed as if no settlement had been reached.

29.     The Court finds that Sunrun has made no admissions of liability or wrongdoing of any kind associated with the alleged claims in the operative Complaint.  Sunrun has made no admission of liability or wrongdoing regarding each and every material factual allegation and all claims asserted against it in the Action.  Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing herein will constitute an admission by Sunrun that the Action is properly brought on a class or representative basis, or that class(es) may be certified, other than for settlement purposes.  The Court further finds that the Settlement of the Action, the negotiation and execution of this Settlement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement:  (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Sunrun or of the truth of any allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Sunrun in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

30. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: _____

_____
Richard Seeborg, United States District Court Judge