Edward A. Broderick (*pro hac vice*)
ted@broderick-law.com
Broderick Law, P.C.
176 Federal Street, Fifth Floor
Boston, Massachusetts 02110
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

*Attorneys for Plaintiffs William Loftus,*
*Sidney Naiman, and Louis Naiman,*
*and the Settlement Classes*
(additional counsel appear on signature page)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LOFTUS, SIDNEY NAIMAN, and LOUIS NAIMAN, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>        v.<br><br>SUNRUN INC., and MEDIA MIX 365, LLC, and DOES 1-10,<br><br>                              Defendants. | Case No. 3:19-cv-01608-RS<br><br>PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF SERVICE AWARDS AND CLASS COUNSEL FEES AND COSTS<br><br>**Hon. Richard Seeborg**<br><br><u>JURY TRIAL DEMAND</u><br><br>Complaint Filed:  August 15, 2019<br><br>Honorable Richard Seeborg<br><br>DATE:         May 6, 2021<br>TIME:         1:30 p.m. PT<br>LOCATION:   San Francisco Courthouse<br>                      Courtroom 3 - 17th Floor |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**

**RECORD:**

**PLEASE TAKE NOTICE** that on May 6, 2021 at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 3 – 17th Floor of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Richard Seeborg, Plaintiffs William Loftus, Sidney Naiman and Louis Naiman will and hereby do move the Court, by and through Class Counsel, for entry of an order granting service awards to Plaintiffs and Class Counsel's attorneys' fees and costs. The basis for this Motion is that the requested service awards, attorneys' fees, and costs reimbursement are reasonable based on the circumstances of the case and the recovery for the Settlement Class.[1]  This Motion is supported by this Notice of Motion, the following Memorandum of Points and Authorities, the Declarations of  Edward A. Broderick, Matthew P. McCue, Anthony I. Paronich, Jon Fougner and Andrew Heidarpour, all pleadings, records, and papers on file, and such other matters that may be presented to the Court.

Date: December 7, 2020                     Respectfully submitted,

By: *s/ Edward A. Broderick*
Edward A. Broderick (*pro hac vice*)
ted@broderick-law.com
Broderick Law,  P.C.
176 Federal Street, Fifth Floor
Boston, Massachusetts 02110
Telephone: (617) 738-7080
Facsimile: (617) 830-0327
.

*Attorneys for Plaintiffs William Loftus, Sidney*

---

[1] The Class Action Settlement Agreement, was filed with the Court as docket entry number 104-1 on August 27, 2020, (referred to herein as the "Agreement" or "Settlement Agreement"). All capitalized terms used herein have the same definitions as those defined in the Agreement.

*Naiman, and Louis Naiman and the Settlement Class*

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................ 1

II.     BACKGROUND ................................................................................. 2

    a.   Statutory Background of Plaintiffs' Claims............................... 2

    b.   Plaintiffs' Allegations ............................................................... 3

    c.   The Litigation and Settlement Negotiations ............................. 3

    d.   The Terms of Settlement............................................................ 4

III.    THE REQUESTED SERVICE AWARD FOR THE CLASS REPRESENTATIVE IS REASONABLE AND SHOULD BE APPROVED ....................................................... 6

IV.     CLASS COUNSEL'S APPLICATION FOR FEES AND EXPENSES IS FAIR, REASONABLE, AND JUSTIFIED, AND SHOULD BE APPROVED ......................... 8

    a.   Class Counsel Achieved Exceptional Results for the Class ...................................... 10

    b.   Class Counsel Exhibited Outstanding Skill and Diligence........................................ 11

    c.   The Risks of Litigation and the Novelty and Complexity of the Issues Justify the Requested Fees.................................................................... 12

    d.   Awards in Similar Cases Demonstrate the Requested Fees are Reasonable .............. 13

    e.   A Lodestar Cross-Check Confirms the Reasonableness of the Requested Fees........ 14

        i. The Hours Class Counsel Have Expended Are Reasonable............................. 16

        ii. Class Counsel's Rates Are Reasonable ........................................................ 17

    f.   Class Counsel's Request for Expenses Is Reasonable................................................. 18

*Motion for Service Awards and Class Counsel Fees and Costs*
Case No. 3:19-cv-01608-RS

V.    CONCLUSION ........................................................................................................... 19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TABLE OF AUTHORITIES

**Cases**

*Abante Rooter & Plumbing v. Pivotal Payments*, No. 3:16-cv-05486-JCS, 2018 U.S. Dist. LEXIS 232054 (N.D. Cal. Oct. 15, 2018) ............................................................................. 15

*Birch v. Office Depot Inc.*, No. 06 CV 1690 DMS (WMC), 2007 U.S. Dist. LEXIS 102747 (S.D. Cal. Sep. 28, 2007)) ............................................................................................................. 12

*Boyd v. Bank of Am. Corp.*, No. SACV 13-0561-DOC (JPRx), 2014 U.S. Dist. LEXIS 162880 (C.D. Cal. Nov. 18, 2014) ..................................................................................... 11, 14

*Cabiness v. Educ. Fin. Sols., LLC*, No. 16-cv-01109-JST, 2019 U.S. Dist. LEXIS 50817 (N.D. Cal. Mar. 26, 2019) ........................................................................................................ 7, 10

*Cook v. Niedert*, 142 F.3d 1004 (7th Cir. 1998) ................................................................... 6

*Creasy v. Charter Communs., Inc.*, No. 20-1199, 2020 U.S. Dist. LEXIS 177798 (E.D. La. Sep. 28, 2020) ......................................................................................................................... 5, 13

*Deaver v. Compass Bank*, No. 13-cv-00222-JSC, 2015 U.S. Dist. LEXIS 166484 (N.D. Cal. Dec. 11, 2015) ............................................................................................................................ 13

*Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 U.S. Dist. LEXIS 17196 (N.D. Cal. Feb. 11, 2016) ............................................................................................................................ 10

*Dickey v. Advanced Micro Devices, Inc.*, No. 15-cv-04922-HSG, 2020 U.S. Dist. LEXIS 30440 (N.D. Cal. Feb. 21, 2020) ..................................................................................................... 7

*Duguid v. Facebook, Inc.*, 926 F. 3d 1146, 1149 (9th Cir. 2019) (Cert. Petition Filed, Oct. 21, 2019, No. 19-511) ................................................................................................................. 13

*Estrada v. iYogi, Inc.*, No. 2:13–01989 WBS CKD, 2015 U.S. Dist. LEXIS 137299 (E.D. Cal. Oct. 6, 2015) ........................................................................................................................ 10

*Facebook, Inc. v. Duguid*, No. 19-511 .................................................................................. 5

*Farrar v. Hobby*, 506 U.S. 103 (1992) ................................................................................ 10

*Fischel v. Equitable Life Assurance Society of the U.S.*, 307 F.3d 997 (9th Cir. 2002) ................. 9

*Fischel v. Equitable Life Assurance Society of the United States*, 307 F.3d 997 (9th Cir. 2002) .. 9

*Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115 (9th Cir. 2000) ................................................ 15

*Gergetz v. Telenav, Inc.*, No. 16-cv-04261-BLF, 2018 U.S. Dist. LEXIS 167206 (N.D. Cal. Sep. 27, 2018) ...................................................................................................... 7, 14, 16

*Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994) ........................................................... 18

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .................................................................. 15

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) ................................ 8

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d at 942 ................................................ 9

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) ............................................ 8

*In re Omnivision Techs.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008) .......................................... 12

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015) ...................................... 9

*In re Oracle Sec. Litig.*, 852 F. Supp. 1437 (N.D. Cal. 1994) ................................................ 9

*In re Oracle Sec. Litig.*, No. C-90-0931-VRW, 1994 U.S. Dist. LEXIS 21593 (N.D. Cal. June 18, 1994) ................................................................................................................ 6

*In re: Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291 (9th Cir. 1994) ......................... 12

*Kearney v. Hyundai Motor America,* No. SACV 09-1298-JST (MLGx), 2013 U.S. Dist. LEXIS 91636 (C.D. Cal. June 28, 2013) ...................................................................... 18

*Lusby v. Gamestop Inc.*, No. C12-03783 HRL, 2015 U.S. Dist. LEXIS 42637 (N.D. Cal. Mar. 31, 2015) ............................................................................................................ 9, 14

*Manouchehri v. Styles for Less, Inc.*, No. 14cv2521 NLS, 2016 U.S. Dist. LEXIS 80038 (S.D. Cal. June 20, 2016) .................................................................................................. 10

*Marshall v. Northrop Grumman Corp.*, No. 16-CV-6794 AB (JCx), 2020 U.S. Dist. LEXIS 177056 (C.D. Cal. Sep. 18, 2020) ...................................................................... 9, 10, 11, 14

*Moore v. Verizon Commc'ns Inc.*, No. C 09-1823 SBA, 2014 U.S. Dist. LEXIS 19145 (N.D. Cal. Feb. 14, 2014) ..................................................................................................... 17

*Morales v. Conopco, Inc.*, No. 2:13-2213 WBS EFB, 2016 U.S. Dist. LEXIS 144349 (E.D. Cal. Oct. 18, 2016) ................................................................................................... 12

*Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008) ............................................ 16

*Nwabueze v. AT&T Inc.*, No. C 09-01529 SI, 2013 U.S. Dist. LEXIS 169270 (N.D. Cal. Nov. 27, 2013) ................................................................................................................... 7

*Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989) ...................................... 9

*Pointer v. Bank of Am., N.A.*, No. 2:14-CV-00525-KJM-CKD, 2016 U.S. Dist. LEXIS 176930 (E.D. Cal. Dec. 20, 2016) ........................................................................................... 9

*Powers v. Eichen*, 229 F.3d 1249 (9th Cir. 2000) ...................................................................... 14

*Steiner v. Am. Broad. Co.*, 248 F. App'x 780 (9th Cir. 2007) ..................................................... 15

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) .......................................... 8, 9, 12, 15

**Statutes**

Telephone Consumer Protection Act, 47 U.S.C. § 227 ................................................................ 2

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3

4        As explained in Plaintiffs' preliminary approval papers and further herein, the

5 Settlement Agreement provides exceptional relief to the Settlement Class. The Settlement

6 Agreement establishes a non-reversionary Settlement Fund in the amount of $5,500,000 for the

7 benefit of the Settlement Class, which will also be used to pay the settlement costs.  Moreover,

8 although the exact amount of each claimant's share of the Settlement Fund is unknown at this

9 time, the parties expect each claimant's share will be approximately $57. Declaration of Edward

10 A. Broderick ¶¶ 10 ("*Broderick Decl.*") attached hereto as Exhibit 1. Class Counsel now seek

11 approval of service awards for Plaintiffs William Loftus, Sidney Naiman and Louis Naiman of

12 $5,000 each, a fee award for Class Counsel that is reasonable and in line with the awards issued

13 by courts faced with similar settlements throughout this Circuit, and reimbursement of Class

14 Counsel's reasonable expenses as provided in the Agreement.

15        Specifically, for the reasons set forth in this memorandum and in the papers previously

16 submitted in support of approval, pursuant to Federal Rule of Civil Procedure 23(h), Class

17 Counsel respectfully request that the Court enter an order approving awards of $5,000 to each of

18 the Plaintiffs and approving Class Counsel's requested attorneys' fees of $1,833,333, equal to

19 one third of the Settlement Fund, and reimbursement of $28,622.28 in out-of-pocket litigation

20 costs.  These requests are in line with amounts approved in similar Telephone Consumer

21 Protection Act class action settlements in this Circuit. The amounts also reflect the risk and

22 exceptional results corresponding to this case, and were specifically included in the Notice

23 documents to the Class.[2] Accordingly, Class Counsel respectfully request that the Court

24

-------

25 [2] The Court-approved Notice documents posted to the case website advise class members that
26 Class Counsel intend to request fees in an amount not to exceed one third of the Settlement Fund,
reimbursement of out-of-pocket litigation expenses not to exceed $35,000, and service awards of
27 $5,000 for the Class Representatives service as representative on behalf of the Class.

28

approve the requested service awards, fees, and costs by granting final approval after the fairness hearing on May 6, 2021.

## II.      BACKGROUND

### a.  Statutory Background of Plaintiffs' Claims

The TCPA, 47 U.S.C. §227(c) prohibits telemarketing to residential telephone lines registered on the National Do Not Call Registry ("DNC" or the "Registry"). The DNC allows consumers to register their personal telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Section 227(b) of the TCPA further renders it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1). The FCC has reasonably interpreted 'call' under the TCPA to encompass both voice calls and text calls." *McDermet v. Trinity Heating & Air, Inc.,* Civil Action No. 17-10566, 2018 U.S. Dist. LEXIS 22229, at *11 (D. Mass. Feb. 12, 2018) *citing Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 955 (9th Cir. 2009). *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667, 193 L. Ed. 2d 571 (2016) ("It is undisputed that a text message to a cellular telephone is a covered "call" under the TCPA.") Finally, California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being

recorded is on a cellular telephone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. *But see Smith v. LoanMe, Inc.*, E069752, 2019 WL 6974386 (Cal. App. 4th Dist. Dec. 20, 2019) (restricting such claims to third-party interlopers recording calls).

### b.  Plaintiffs' Allegations

Plaintiffs originally filed suit against Sunrun on March 27, 2019. ECF #1. After extensive investigation, Plaintiffs filed an Amended Complaint on June 26, 2019. ECF #36. The Amended Complaint alleged that Mr. Loftus received illegal telemarketing solicitations from Sunrun in violation of the TCPA on his residential line registered on the DNC in violation of 47 U.S.C. §227(c). *Id.* at ¶79-101. The Amended Complaint further alleged that the solicitations to Mr. Loftus were also in violation of CIPA. *Id.* The Amended Complaint also alleged that Sidney Naiman and Louis Naiman received illegal telemarketing solicitations from Sunrun in violation of the TCPA. *Id.* at ¶102-139.

### c.  The Litigation and Settlement Negotiations

Immediately upon filing the original Complaint, Plaintiffs began an intensive investigation in Sunrun's and its co-defendant's Media Mix 365, LLC's telemarketing practices. On June 29, 2019, Plaintiffs filed against Media Mix a Motion for a Temporary Restraining Order, and submitted extensive declarations and evidence in support. ECF #39-1. A Temporary Restraining Order was issued by this Court on July 2, 2019, which ordered Media Mix, a vendor that offered leads to Sunrun, to preserve all evidence as to telemarketing conducted "on behalf of" Sunrun. ECF #41. A Preliminary Injunction against Media Mix was thereafter granted on July 29, 2019. ECF #56. This emergent action was necessary to ensure that call records were

preserved and produced. Plaintiffs' counsel thereafter pursued a Motion for Entry of Default against Media Mix, who had failed to appear. ECF #60-63. On September 10, 2019, Plaintiffs' counsel filed an additional Motion for a Temporary Restraining Order against Media Mix and its principals, when it became apparent that Media Mix was ceasing operations, and there was a concern in regards to the potential destruction of crucial class evidence. ECF #64. Class counsel also engaged in motion practice to prevent Media Mix's counsel from withdrawing from the litigation, and to obtain crucial additional discovery. *See* ECF 70, 71, 72, 74, 75, 76, 77, 78. *See* Exhibit 1, *Broderick Decl.* ¶ 3. The Plaintiffs also served over a dozen third party subpoenas regarding the automated dialing equipment and records of calls made to the putative class. *Id*. ¶ 4. Furthermore, the Plaintiffs issued first party discovery regarding the potential vicarious liability of Sunrun that resulted in the production of thousands of pages of documents. *Broderick Id.*

Armed with a sufficient understanding of the strengths and weaknesses of their case to enter into settlement negotiations, the parties proceeded to mediate initially with the Honorable Wayne Andersen (Ret.), and then a second full day mediation session with the Honorable Morton Denlow (Ret.). *Id.* ¶ 5.

The Parties recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the litigation against Defendant through trial and potentially appeals. *Broderick Decl*. ¶ 8. Plaintiffs' counsel have taken into account the strength of Defendants' defenses, the limitations of Defendants' financial ability to pay a potential final judgment, difficulties in obtaining class certification and proving liability, the uncertain outcome and risk of the litigation, especially in complex actions such as this one, the inherent delays in such litigation, and particularly the risk that a change in the law, including a

ruling by the Supreme Court or this Court concerning the constitutionality of the TCPA or an interpretation from the Supreme Court or Federal Communications Commission regarding what constitutes an autodialer under the TCPA, could nullify Plaintiffs' claims. *Id.*; *see Facebook, Inc. v. Duguid*, No. 19-511; *Creasy v. Charter Communs., Inc.*, No. 20-1199, 2020 U.S. Dist. LEXIS 177798 (E.D. La. Sep. 28, 2020).  Plaintiffs' counsel believes that the proposed Settlement confers substantial and immediate benefits upon the Settlement Class whereas continued and protracted litigation, even if successful, may have ultimately delivered none. *Id.* Based on their evaluation of all these factors, Plaintiffs and their counsel determined that the Settlement is in the best interests of the Settlement Class. *Broderick Decl*. ¶ 8.

### d.   Terms of the Settlement

The "Settlement Class" is defined as all persons in the United States who, from September 1, 2018 to the date of preliminary approval, received from Sunrun, and/or from or on behalf of Media Mix, Resource Marketing Corporation ("RMC") and/or D&M Marketing, Inc. d/b/a Americor ("Americor") in an effort to generate a lead or customer for Sunrun (a) one or more calls (including text messages) on their cellphones placed via a dialing platform; and/or (b) at least two telemarketing calls (including text messages) during any 12-month period where their phone numbers appeared on the National Do Not Call Registry for at least 31 days before the calls/texts. *See Ex 1 at* § 2.1.47. *See Amended Complaint*, ECF #36.

In accord with the Northern District's Procedural Guidance for Class Action Settlements, §1(a) and (c) the Parties can report that the proposed Settlement class matches the operative complaint. The Class Representatives assert violations of both §227(b) and §227(c) of the TCPA as well as a violations of CIPA. The Class Representatives claims match the claims

being released via the Settlement Class. *See* Ex. 1, *Broderick Decl.* ¶¶ 6-8. The Settlement confers substantial and immediate benefits upon the Settlement Class whereas continued and protracted litigation may have ultimately delivered none given the risks presented by Defendants' defenses, the uncertainties of contested litigation, and the everchanging TCPA landscape, including district courts' ongoing scrutiny of the constitutionality of the TCPA, and the Supreme Court's and FCC's pending decisions regarding the TCPA's autodialer provision. *Id.*

Plaintiffs filed their unopposed motion for preliminary approval of the proposed Settlement on August 27, 2020. ECF 104. On September 25, 2020, as directed by the Court, Plaintiffs filed a revised proposed preliminary approval order with dates for deadlines inserted, which was approved by the Court that same day. ECF, 107, 108.

## III.    THE REQUESTED SERVICE AWARDS FOR THE CLASS REPRESENTATIVES ARE REASONABLE AND SHOULD BE APPROVED

Class Counsel respectfully request Service Award for the Class Representatives of $5,000 each. "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). "[A] class representative is entitled to some compensation for the expense he or she incurred on behalf of the class lest individuals find insufficient inducement to lend their names and services to the class action." *In re Oracle Sec. Litig.*, No. C-90-0931-VRW, 1994 U.S. Dist. LEXIS 21593, at *2 (N.D. Cal. June 18, 1994).

The participation of Messrs. Loftus, Naiman and Naiman led to a $5.5 million recovery for the Class. Plaintiffs invested their time into this litigation. *See* Broderick Decl. at ¶ 11. They took personal time to seek out and speak with Class Counsel, search for relevant evidence, review and approve the complaint for filing, keep apprised of the progress of the litigation, prepare for mediation, evaluate the settlement proposals during and following mediation, and read through and discused drafts of the Settlement Agreement and amendment thereto with Class Counsel before executing them. *Id.*  Plaintiffs' sacrifice was made to support a case in which he had a relatively modest personal interest, but that has and will continue to provide benefits to thousands of Settlement Class Members and the general public, warranting the Court's approval of the requested service award.

The requested incentive payment is reasonable and within the range of incentive payments often awarded in class actions in this District. *Dickey v. Advanced Micro Devices, Inc.*, No. 15-cv-04922-HSG, 2020 U.S. Dist. LEXIS 30440, at \*27 (N.D. Cal. Feb. 21, 2020) (granting service awards to named Plaintiffs in the amount of $5,000); *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-cv-01109-JST, 2019 U.S. Dist. LEXIS 50817, at \*22 (N.D. Cal. Mar. 26, 2019) (agreeing with other courts in the Ninth Circuit finding that a $5,000 service award is presumptively reasonable, and awarding a $5,000 service award to the plaintiff in a TCPA action with a $1.1 million settlement fund); *Gergetz v. Telenav, Inc.*, No. 16-cv-04261-BLF, 2018 U.S. Dist. LEXIS 167206, at \*22 (N.D. Cal. Sep. 27, 2018) (awarding a $5,000 service award to the plaintiff in a TCPA case); *Nwabueze v. AT&T Inc.*, No. C 09-01529 SI, 2013 U.S. Dist. LEXIS 169270, at \*39 (N.D. Cal. Nov. 27, 2013) (noting that $5,000 is a presumptively appropriate service award in this District, and awarding $5,000 to each class representative); *see*

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (affirming incentive awards of $5,000 each to the two class representatives).

Given Plaintiffs' personal contributions to the successful prosecution of this action, each Plaintiff should be granted a service award in the amount of $5,000.

## IV. CLASS COUNSEL'S APPLICATION FOR FEES AND EXPENSES IS FAIR, REASONABLE, AND JUSTIFIED, AND SHOULD BE APPROVED

The Settlement permits Class Counsel to apply to the Court for attorneys' fees and expenses. Given the outstanding outcome, Class Counsel request approval of attorneys' fees totaling $1,833,333, which represents one third of the Settlement Fund, and $28,622.28 for documented reasonable out-of-pocket expenses.[3]

Rule 23 permits a court to award "reasonable attorney's fees… that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Here, where the "benefit to the class is easily quantified" in a common-fund settlement, the court can employ the percentage-of-recovery method. *Id.* Moreover, where contingency fee litigation results in a common-fund settlement, as in the instant action, the percentage-of-the-fund method is the most appropriate way to calculate a reasonable attorneys' fee award. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047

---

[3] Class Counsel have included $1,000 in expenses for anticipated travel for the final approval hearing on May 6, 2021—the amount applied for at the final approval hearing will be reconciled with the amount spent on travel. In the event the final approval hearing is held via video link, that additional travel request will be removed from the final amount requested. *Broderick Decl.* ¶ 18.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(9th Cir. 2002). This is because "percentage of the fund better 'align[s] the interest of lawyer and client. The lawyer gains only to the extent his client gains.'" *In re Oracle Sec. Litig.*, 852 F. Supp. 1437, 1454 (N.D. Cal. 1994) (citation omitted).

In the Ninth Circuit, the benchmark for attorneys' fees based on the percentage of the fund method is 25% of the common fund. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). The benchmark is regularly adjusted upward in circumstances such as this where an exceptional result is achieved as a result of a significant investment of time and resources by class counsel. *See, e.g.*, *Marshall v. Northrop Grumman Corp.*, No. 16-CV-6794 AB (JCx), 2020 U.S. Dist. LEXIS 177056, at *9 (C.D. Cal. Sep. 18, 2020) (awarding class counsel attorneys' fee of one third the settlement fund where an "exceptional result" was achieved); *Lusby v. Gamestop Inc.*, No. C12-03783 HRL, 2015 U.S. Dist. LEXIS 42637, at *11 (N.D. Cal. Mar. 31, 2015) (awarding class counsel one third of the common fund in fees). The Ninth Circuit has held that, when employing the percentage of the fund method for non-reversionary common fund settlements, the court may, but is not required to, compare the lodestar and the percentage benchmark to determine if the requested attorneys' fees are inappropriately high or low. *Fischel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1007 (9th Cir. 2002).

Overall, the goal is to produce a fair and reasonable result. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d at 942. Regardless of the method chosen, courts award attorneys' fees based on an evaluation of "all the circumstances of the case." *Vizcaino*, 290 F.3d at 1048. The Ninth Circuit has identified several factors a court should consider to determine whether to adjust a fee award from the benchmark: (1) the results achieved for the class; (2) the quality of representation; (3) the novelty and complexity of the issues; (4) the risks of the litigation; and

(5) awards in similar cases. *See id.* at 1048-51; *Cabiness*, 2019 U.S. Dist. LEXIS 50817, at *17. All of these factors weigh in favor of approving the requested attorneys' fees.

### a.   Class Counsel Achieved Exceptional Results for the Class

In determining whether a fee award is reasonable, the most critical factor is the results achieved; *i.e.*, the overall result and benefit to the class from the litigation. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 U.S. Dist. LEXIS 17196, at *58 (N.D. Cal. Feb. 11, 2016). As described above, the Settlement establishes a $5.5 million non-reversionary fund for the Settlement Class, which is likely to result in an estimated per claimant payout of $57. *Compare with, e.g.,* approved TCPA settlements in:  *In re Capital One*, 80 F. Supp. 3d 781, 2015 U.S. Dist LEXIS 17120, at *20 (N.D. Ill. Feb 12, 2015) (defendant paid $34.60 per claimant); *Manouchehri v. Styles for Less, Inc.*, No. 14cv2521 NLS, 2016 U.S. Dist. LEXIS 80038 (S.D. Cal. June 20, 2016) (preliminarily approving settlement where class members could choose to receive $10 cash or $15 voucher); *Estrada v. iYogi, Inc.*, No. 2:13–01989 WBS CKD, 2015 U.S. Dist. LEXIS 137299 (E.D. Cal. Oct. 6, 2015) (preliminarily approving TCPA settlement where class members estimated to receive $40). Here the significant monetary result alone warrants an upward adjustment from the twenty five percent benchmark. *See Marshall*, 2020 U.S. Dist. LEXIS 177056, at *9 (awarding class counsel an attorney fee of one third the settlement fund where an "exceptional result" was achieved).

Given the monetary benefit to the Settlement Class, risks of litigation, the ever-changing TCPA landscape, Class Counsel obtained an exceptional result.

b.  **Class Counsel Exhibited Outstanding Skill and Diligence**

The quality of Class Counsel's representation in this case supports an award of one third of the Settlement Fund. "A fee award of one third of the settlement fund is justified where class counsel has significant experience in the particular type of litigation at issue... Moreover, a one-third fee is appropriate where counsel litigated effectively, and their experience was essential for obtaining the result." *Marshall*, 2020 U.S. Dist. LEXIS 177056, at *11 (internal citation omitted); *Boyd v. Bank of Am. Corp.*, No. SACV 13-0561-DOC (JPRx), 2014 U.S. Dist. LEXIS 162880, at *27 (C.D. Cal. Nov. 18, 2014) ("skill and work of counsel merits an upward adjustment from the [25%] benchmark.")

Plaintiff and the Settlement Class benefited from the high caliber representation of Class Counsel, including Class Counsel's extensive TCPA class action experience. *Broderick Decl*. at ¶¶ 12-17; *McCue Decl. at ¶¶ 8-14; Paronich Decl. ¶¶ 4-8; Fougner Decl. ¶¶ 3-15* and *Heidarpour Decl.* at ¶¶ 2-4.

Class Counsel's analysis of the issues in this action, litigation strategy and diligence in prosecuting this action support the requested award. Class Counsel vigorously litigated this matter. *Broderick Decl.* at ¶ 3. Class Counsel's work was necessary to stop the complained of practice, resolve this action, and obtain significant monetary relief for the Settlement Class.

Of further testament to Class Counsel's skill is the quality of opposing counsel in this action. Defendant Sunrun is represented by Kelly Drye & Warren, LLP a renowned defense firm with significant experience in defending all types of consumer class actions, including TCPA actions. *Broderick Decl.* ¶ 7.

### c.   The Risks of Litigation and the Novelty and Complexity <u>of the Issues Justify the Requested Fees</u>

"The risk that further litigation might result in Plaintiffs not recovering at all, particularly in a case involving complicated legal issues, is a significant factor in the award of fees." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046-7 (N.D. Cal. 2008) (citing *Vizcaino*, 290 F.3d at 1048). Likewise, "the importance of ensuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee." *Id.* at 1047; *see also Morales v. Conopco, Inc.*, No. 2:13-2213 WBS EFB, 2016 U.S. Dist. LEXIS 144349, at *21 (E.D. Cal. Oct. 18, 2016) ("Since class counsel took this case on a contingency basis, their risk of recovery was the same as the class members.").

As the Ninth Circuit has explained:

> It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases. Contingent fees that may far exceed the market value of the services if rendered on a noncontingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose. As the court observed [ ], if this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing.

*In re: Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994) (internal citation omitted); *see also Birch v. Office Depot Inc.*, No. 06 CV 1690 DMS (WMC), 2007 U.S. Dist. LEXIS 102747, at *7 (S.D. Cal. Sep. 28, 2007) ("Class Counsel has proceeded on a contingency basis despite the uncertainty of any fee award. Class Counsel risked that it would not obtain any relief on behalf of Plaintiff or the Class, and so no recovery of fees. In addition,

Class Counsel was precluded from pursuing other potential sources of revenue due to its prosecution of the claims in this action.").

Because Class Counsel were working entirely on a contingency basis, only a successful result – at trial or by settlement – would result in any fees and recovery of costs. *Broderick Decl.* at ¶ 8. Nevertheless, Class Counsel spent 847 hours and $28,662 to zealously promote the Class's interests. *Broderick Decl.* at ¶ 18. The contingent nature of Class Counsel's representation strongly favors approval of the requested fee.

In addition to the risks posed by virtue of proceeding with a contingency class action, Class Counsel accepted substantial risk in taking this case given the possibility that this Court, the Supreme Court, or FCC could take action that might extinguish Plaintiff's claims. *Broderick Decl.* at ¶¶ 6-7; *see Duguid v. Facebook, Inc.*, 926 F. 3d 1146, 1149 (9th Cir. 2019) (Cert. Granted July 9, 2020, No. 19-511); *Creasy*, 2020 U.S. Dist. LEXIS 177798. With the Supreme Court reviewing the definition of an ATDS and district courts reviewing the constitutionality of the TCPA, Class Counsel faced substantial risk of non-recovery. The risks of the litigation, including the ever-changing TCPA landscape, the complexity of the issues involved, and the contingent nature of Class Counsel's representation justify the requested fees. *See Deaver v. Compass Bank*, No. 13-cv-00222-JSC, 2015 U.S. Dist. LEXIS 166484, at *19 and *35 (N.D. Cal. Dec. 11, 2015) (awarding class counsel fees of one third of common fund based in part on the significant risks of litigation including potential changes in law and contingent nature of engagement.)

### d.  <u>**Awards in Similar Cases Demonstrate the Requested Fees are Reasonable**</u>

"The Ninth Circuit has repeatedly held that 25% of the gross settlement amount is the benchmark for attorneys' fees awarded under the percentage method and that if the Court

departs from that benchmark, the record must indicate the Court's reasons for doing so." *Glass*, 2007 U.S. Dist. LEXIS 8476, at \*44 (approving an $11,250,000 fee, representing 25% of fund, noting that the relevant court dockets "show no litigation activity of substance other than the filing of the complaints" but "the early settlement... resulted in significant benefit to the class," and citing *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000)). The benchmark has been adjusted upward in circumstances such as this where an exceptional result was achieved and based on counsel's expertise and significant investment of time and resources. *See, e.g.*, *Marshall*, 2020 U.S. Dist. LEXIS 177056, at \*9 (awarding class counsel an attorney fee of one third the settlement fund where an "exceptional result" was achieved); *Lusby*, 2015 U.S. Dist. LEXIS 42637, at \*11 (awarding class counsel one third of the common fund); *Boyd*, 2014 U.S. Dist. LEXIS 162880, at \*27 ("skill and work of counsel merits an upward adjustment from the [25%] benchmark"); *Gergetz*, 2018 U.S. Dist. LEXIS 167206, at \*21 (approving fees of 30% of the settlement fund in a TCPA case which settled after briefing of and prior to ruling on defendant's motion to dismiss and motion to stay.)

Class Counsel is requesting attorneys' fees in the amount of one third of the Settlement Fund, which is justified in light of the excellent outcome, when compared to the risks attendant to this Action and the fees awarded in similar class actions. *Broderick Decl.* at ¶¶ 2, 6-8.

### e. A Lodestar Cross-Check Confirms the Reasonableness of the Requested Fees

To calculate the lodestar, the Court "multipl[ies] the number of hours the prevailing party reasonably expended on the litigation ... by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d at 941. This base "unadorned" lodestar figure is "presumptively reasonable." *Id.* "Courts have routinely

enhanced the lodestar to reflect the risk of non-payment in common fund cases. This mirrors the established practice in the private legal market of rewarding attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases.  In common fund cases, attorneys whose compensation depends on their winning the case must make up in compensation in the cases they win for the lack of compensation in the cases they lose." *Vizcaino*, 290 F.3d at 1051 (internal citation omitted).

Class Counsel have invested approximately 847.7 hours prosecuting Plaintiffs' and the Class's claims through December 7, 2020. Additionally, Class Counsel conservatively expect to invest at least another 40 hours communicating with Settlement Class Members, preparing for and attending the Final Fairness Hearing, including drafting a motion for final approval, managing the claims process, and tending to any claims-administration issues that arise. *Broderick Decl.* ¶ 19 To date, Class Counsel have a lodestar of $589,387. *Id.* Counsel have provided summaries of their work in order to "identify the general subject matter of [their] time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000).

Class Counsel's requested attorneys' fee award here is $1,833,333, which represents application of a multiplier of approximately 3.11 to Class Counsel's lodestar. Multipliers in the range of one to four times the lodestar are common. *Vizcaino*, 290 F.3d at 1051, n.6 (finding a range of 0.6 to 19.6 in a survey of 24 cases, with 83% in the range of 1.0 to 4.0, and affirming a multiplier of 3.65); *Steiner v. Am. Broad. Co.*, 248 F. App'x 780, 783 (9th Cir. 2007) (affirming attorneys' fees based on a multiplier of approximately 6.85 as "well within the range of multipliers that courts have allowed"); *Abante Rooter & Plumbing v. Pivotal Payments*, No. 3:16-cv-05486-JCS, 2018 U.S. Dist. LEXIS 232054, at *19 (N.D. Cal. Oct. 15, 2018) (awarding

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

fees equating to 2.7 times lodestar in a TCPA class settlement); *Gergetz*, 2018 U.S. Dist. LEXIS 167206, at *21 (approving a 2.625 multiplier in TCPA class settlement and awarding fees of 30% of the common fund). The requested multiplier is appropriate when comparing the benefits of the Settlement to the risk of non-payment for Class Counsel's significant investment of attorney time and out of pocket cost.

### i.   The Hours Class Counsel Have Expended Are Reasonable

Class Counsel have devoted 847.7 hours to this litigation, and conservatively anticipate investing an additional 40 hours between drafting a final approval motion, preparing for the final fairness hearing, and continuing to oversee the case and settlement administration process. *Broderick Decl.* ¶ 19. The Ninth Circuit has found that courts should defer to successful counsel's judgment as to how much work was needed to succeed. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker."). Class Counsel's hours are not excessive or otherwise unnecessary.

Class Counsel have exerted significant effort to achieve the excellent results reflected in the Settlement. The efforts to date also include extensive discovery involving, among other things, a motion to compel against Defendant Media Mix 365, LLC.  More specifically, as part of discovery, each party served, responded to, and produced documents responsive to discovery requests.  Plaintiff also engaged in extensive third-party discovery, resulting in securing calling records which were essential to the case.  Class Counsel also successfully moved for a preliminary injunction.

Class Counsel engaged in extensive settlement negotiations, drafting a comprehensive mediation statement and attending a full-day mediation and continuing negotiations after mediation did not result in settlement. Only after a second thirteen-hour mediation session that ended shortly before midnight with the Hon. Morton Denlow (Ret.) was the case resolved. Class Counsel also spent time documenting the Settlement and drafting the notice documents; moving for preliminary approval and attending the preliminary approval hearing; working with the Settlement Administrator to ensure the proper administration of the notice and claims processes; responding to Class Member inquiries regarding the Settlement; and briefing the present Motion. *Broderick Decl.* ¶ 2; *McCue Decl. at* ¶ 1 (Ex. 2)*; Paronich Decl.* ¶ 3 (Ex. 3)*; Fougner Decl.* ¶¶ 16-18 (Ex. 4) and *Heidarpour Decl.* at ¶ 5 (Ex. 5).

### ii.   Class Counsel's Rates Are Reasonable

Class Counsel's hourly rates range from $370 to $800 and are supported by counsel's experience and background. *Broderick Decl.* ¶¶ 12-18; *McCue Decl. at* ¶¶ 8-15*; Paronich Decl.* ¶¶ 4-9*; Fougner Decl.* ¶¶ 3-15, 19 and *Heidarpour Decl.* at ¶¶ 2-4, 9. Specifically, Class Counsel have been litigating consumer class action claims for more than two decade and have particularly broad experience in the litigation of TCPA class actions. *Id.*

Courts within this District have previously approved as reasonable similar hourly rates in similar cases involving class counsel with similar experience and participation in those cases as Class Counsel here. *Etter*, 2018 U.S. Dist. LEXIS 189136, at *12 (N.D. Cal. Nov. 4, 2018) (approving class counsel's attorney hourly rates ranging from $600 to $950 in a TCPA case); *Moore v. Verizon Commc'ns Inc.*, No. C 09-1823 SBA, 2014 U.S. Dist. LEXIS 19145, at *15 n.9 (N.D. Cal. Feb. 14, 2014) (approving class counsel attorney rates ranging from $550 to $825 as "reasonable given the geographic location and experience of counsel"); *see also Kearney v.*

*Hyundai Motor America,* No. SACV 09-1298-JST (MLGx), 2013 U.S. Dist. LEXIS 91636, at *25 (C.D. Cal. June 28, 2013) (approving hourly rates between $650 and $800 for class counsel in a consumer class action).

Given the experience and competence of Class Counsel, as evidenced by the substantial work done to litigate this case and the exceptional result for the Settlement Class, the geographic location of this action, and the significant risks involved, Class Counsel's hourly rates are justified and appropriate.

### f.  Class Counsel's Request for Expenses Is Reasonable

Rule 23(h) also permits the Court to "award . . . nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Settlement permits Class Counsel to seek reimbursement of their reasonable expenses. "Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1048 (citing *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994)). Class Counsel have incurred expenses in the prosecution of this action totaling $28,622.28 for filing fees, *pro hac vice* fees, service of process fees, subpoena costs, postage and courtesy copy costs, expert fees, travel, hotel, airfare costs, and mediation fees. *Broderick Decl.* ¶ 18; *McCue Decl. at* ¶ 15; *Paronich Decl.* ¶ 9; *Fougner Decl.* ¶ 21 and *Heidarpour Decl.* ¶ 9. These expenses were reasonable and necessary for the prosecution of this action and are the types of expenses that would typically be billed to clients in non-contingency matters, and therefore should be approved. *Id*.

## V.   <u>CONCLUSION</u>

The Settlement securing $5,500,000, which is likely to result in cash payments to Settlement Class Claimants of $57 represents an excellent result for the Settlement Class given the risks and obstacles in this Action. Class Counsel's request for a Service Award for the Class Representative and attorneys' fees and expenses is reasonable under all the circumstances. Accordingly, Class Counsel respectfully request that this Court (1) approve the requested Service Award for the Class Representative; and (2) award Class Counsel the requested attorneys' fees and expenses.

Date: December 8, 2020                        Respectfully submitted,

By: <u>*s/ Edward A. Broderick*</u>
　　 Edward A. Broderick (*pro hac vice*)
　　 ted@broderick-law.com
　　 Broderick Law, P.C.
　　 176 Federal Street, Fifth Floor
　　 Boston, Massachusetts 02110
　　 Telephone: (617) 738-7080
　　 Facsimile: (617) 830-0327

　　 Matthew P. McCue (*pro hac vice*)
　　 mmccue@massattorneys.net
　　 The Law Office Of Matthew P. McCue
　　 1 South Avenue, Suite 3
　　 Natick, Massachusetts 01760
　　 Telephone: (508) 655-1415
　　 Facsimile: (508) 319-3077

　　 Anthony I. Paronich (*pro hac vice*)
　　 anthony@paronichlaw.com
　　 Paronich Law, P.C.
　　 350 Lincoln Street, Suite 2400
　　 Hingham, Massachusetts 02043
　　 Telephone: (617) 485-0018
　　 Facsimile: (508) 318-8100

Andrew W. Heidarpour (*pro hac vice*)
AHeidarpour@HLFirm.com
HEIDARPOUR LAW FIRM, PPC
1300 Pennsylvania Ave. NW, 190-318
Washington, DC 20004
Telephone: (202) 234-2727

*Attorneys for Plaintiffs William Loftus, Sidney Naiman, and Louis Naiman*
*and the Settlement Class*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 8, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and it is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Edward A. Broderick*
Edward A. Broderick