UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LOFTUS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SUNRUN INC., et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-01608-RS<br><br>**ORDER GRANTING MOTION FOR FINAL SETTLEMENT APPROVAL, INCENTIVE AWARDS, AND ATTORNEY FEES** |

Good cause appearing, plaintiffs' motion for final approval of the settlement will be granted. Plaintiffs are directed to efile a revised proposed final order and judgment that omits the language regarding tax implications of the settlement fund and that otherwise is consistent with this order. Plaintiffs' request for individual incentive awards of $5000 each is granted. The application of plaintiffs' counsel to recover attorney fees is granted to the extent described below.

Ninth Circuit law is settled that in a "common fund" case such as this one, it generally is appropriate to award fees either on the basis of a so-called "lodestar" calculation or by applying a "percentage of the fund" to determine the fee amount. *See e.g. In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method."); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("Under Ninth Circuit law, the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method.").

Counsel seeks a fee award in the amount of $1,833,333, representing one-third of the settlement fund.[1] The Ninth Circuit recognizes a 25% "benchmark" to be a useful starting point for analysis of percentage-based fee awards in common fund cases. *Vizcaino*, 290 F.3d at 1047–48. All the circumstances of the case, however, must be taken into consideration. *Id.* Additionally, even where "the primary basis of the fee award remains the percentage method, the lodestar may provide a useful perspective on the reasonableness of a given percentage award." *Id*. at 1050.

Here, plaintiff's counsel achieved a favorable settlement projected to provide a substantial estimated cash payout per class member. The matter was vigorously and well-defended, and presented substantial risk to plaintiffs. Indeed, after the settlement was reached, the Supreme Court issued a decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), that likely would have undermined a substantial portion of plaintiffs' claims.

That said, the litigation did not involve novel issues nor did it proceed in an unusual manner or direction. Furthermore, the fee request represents a multiplier to the asserted lodestar of over 3.1, even assuming no reduction to the hours or rates claimed would be in order. While a multiplier in that range may be permissible in some circumstances, plaintiffs have not shown it to be warranted here, or that an upward departure from the 25% benchmark is appropriate to that degree. Rather, upon review of the entire record, including counsel's contingent risk, delay in payment, skill demonstrated, and results achieved, the Court finds an upward adjustment to a 30% recovery is warranted here. Although a court has discretion to apply the fee percentage against the total settlement fund, in the circumstances here the fee percentage will be applied to the net class recovery after deducting the costs of settlement administration, the individual incentive awards, and the award of out-of-pocket litigation costs, and the proposed final order and judgment should so reflect.

---

[1] The motion also separately requests reimbursement of approximately $28,000 in "out-of-pocket litigation costs." That request is granted on the understanding that proposed final order and judgment plaintiffs are to submit should reflect the exact amount of their final claim.

**IT IS SO ORDERED**.

Dated: May 10, 2021

_____
RICHARD SEEBORG
Chief United States District Judge