UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LOFTUS, SIDNEY NAIMAN, and LOUIS NAIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUNRUN INC., and MEDIA MIX 365, LLC, and DOES 1-10,<br><br>Defendants. | Case No. 3:19-cv-01608-RS<br>Hon. Richard Seeborg<br><br>**JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

# FINAL APPROVAL ORDER AND JUDGMENT

1. Plaintiffs William Loftus, Sidney Naiman, and Louis Naiman (collectively "Plaintiffs" or "Representative Plaintiffs"), Sunrun Inc. ("Sunrun" or "Defendant"), and the Settlement Class (collectively, the "Parties") reached a settlement. The Parties have submitted a detailed written Stipulation and Agreement of Settlement (the "Settlement" or "Settlement Agreement") together with numerous exhibits and proposed orders. To the extent not otherwise defined herein, all capitalized terms shall have the meanings attributed to them in the Settlement Agreement. The Court gave its preliminary approval of the Settlement on September 25, 2020, (the "Preliminary Approval Order"). The Court directed the Parties to provide Class Notice of the proposed Settlement by Direct Mail Notice, Long Form Notice on the Settlement Website, and Publication Notice, and scheduled a further hearing to determine whether the proposed Settlement is fair, reasonable, and adequate.

2. On May 6, 2021, this Court held a hearing to determine whether the proposed Settlement Agreement executed by Plaintiffs and Defendant should be approved as Final by this Court. Counsel for the Plaintiffs and the Settlement Class and counsel for Defendant appeared at the hearing.

3. After reviewing the pleadings and evidence filed in support of the request for final approval of the Settlement and conducting the hearing, the Court finds, and

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

4. This Final Approval Order and Judgment incorporates the Settlement Agreement and all exhibits thereto.

5. The Court has personal jurisdiction over all Settlement Class Members and Defendant, and the Court has subject matter jurisdiction to approve the Settlement Agreement and all exhibits thereto.

6. Based upon the record before the Court, including all submissions in support of the Settlement Agreement, objections and responses thereto, as well as the Settlement Agreement itself, the Court hereby certifies the following nationwide class (the "Settlement Class") for

settlement purposes only:

> "Settlement Class" means all persons in the United States who, from September 1, 2018 to the date of preliminary approval (September 25, 2020), received from Sunrun, and/or from or on behalf of Media Mix 365 LLC ("MM"), Resource Marketing Corporation ("RMC") and/or D&M Marketing, Inc. d/b/a Americor ("Americor") in an effort to generate a lead or customer for Sunrun: (a) one or more calls (including text messages) on their cellphones placed via a dialing platform; and/or (b) or at least two telemarketing calls (including text messages) during any 12-month period where their phone numbers appeared on the National Do Not Call Registry for at least 31 days before the calls/texts.
>
> The class definition excludes the following: (1) any trial judge and other judicial officers that may preside over this case; (2) the Mediators; (3) Sunrun, as well as any parent, subsidiary, affiliate or control person of Sunrun, and the officers, directors, agents, servants or employees of Sunrun; (4) any of the Released Parties; (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (6) any person who has previously given a valid release of the claims asserted in the Action; (7) Plaintiffs' Counsel; and (8) persons for whom Sunrun has a record demonstrating "prior express written consent" as defined by the TCPA.

The Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for certification of the nationwide Settlement Class for settlement purposes because: Settlement Class Members are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Representative Plaintiffs are typical of the claims and defenses of the Settlement Class Members they represent; the Representative Plaintiffs have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class they represent; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class, based, *inter alia,* upon the Court's familiarity with the claims and Parties in this case, and the mediation and negotiation process overseen by the Honorable Morton Denlow (Ret.) the Honorable Wayne Andersen (Ret.).

7. The Settlement Agreement was reached after arm's-length negotiations between the Representative Plaintiffs, Defendant, and their respective counsel. The Settlement Agreement

is fair, reasonable, and adequate; consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution (including the Due Process Clause), and any other applicable law; and in the best interests of Plaintiffs, Defendant, and the Settlement Class Members.

8. The Settlement is fair, reasonable, adequate and satisfies the requirements under Fed. R. Civ. P. 23. Therefore, each Settlement Class Member will be bound by the Settlement Agreement, including the Release and the covenant not to sue set forth in Section 8 of the Settlement Agreement.

9. The Court finds that in negotiating, entering into, and implementing the Settlement, the Representative Plaintiffs and the Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members.

10. The Class Notice and the notice methodology implemented pursuant to the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was concise, clear and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, their right to be excluded from the Settlement Class, their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Settlement Class Members; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

11. The terms of the Settlement Agreement and this Final Approval Order and Judgment are binding on the Representative Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

12. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata,* collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of

liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action.

13. The Representative Plaintiffs, Defendant, and their respective counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

14. All claims against Defendant asserted in this Action are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement.

15. The releases set forth in Section 8 of the Settlement Agreement are incorporated by reference and provides, *inter alia,* that for and in consideration of the Cash Benefits, the Released Claims, and the mutual promises contained in the Settlement Agreement: The Releasing Parties do hereby release and fully, finally, and forever discharge the Released Parties from all claims, debts, controversies, losses, liabilities, liens, demands, causes of action, suits, damages (including, but not limited to, actual, statutory, trebled, exemplary, or punitive), fees (including, but not limited to, attorneys' fees), expenses, and obligations of any kind or nature whatsoever, whether in law or in equity, whether known or unknown, fixed or contingent, claimed or unclaimed, direct or indirect, individual or representative, arising out of or relating to any telephone calls or text messages, telemarketing, solicitation, or other marketing or dissemination that was made by, from, or on behalf of Sunrun, and/or made to generate a lead that could be offered to and/or sold by Sunrun. This release includes, but is not limited to, claims involving the actual or alleged use of an automatic telephone dialing system or an artificial or prerecorded voice, or otherwise arising under the TCPA or similar telephone or telemarketing-related federal, state or local laws, regulations or ordinances governing such matters, and any rule or regulation thereunder, or otherwise arising under CIPA or similar federal or state laws governing such matters, and any rule or regulation thereunder, including without limitation, the claims alleged in the FAC or that could have been alleged in the FAC at any time up and through the date of Preliminary Approval. This

release specifically extends to calls/texts allegedly or actually placed to telephone numbers on the National Do Not Call Registry (NDNCR), and to telephone calls and/or text messages allegedly or actually initiated by third parties. The Parties agree that the Release in this Settlement Agreement shall not apply to telemarketing calls placed by third parties where such third parties were not acting on behalf of a Released Party, but instead were acting on behalf of a person or entity other than a Released Party.

16.     The Court hereby grants Class Counsel's request for an Incentive Award for the Representative Plaintiffs in the amount of $5,000 each. The Court has considered Class Counsel's Motion for an Award of Attorney's Fees and Costs and additionally grants as reasonable and justified Class Counsel's request for Attorney's Fees of $1,482,713.30 and out of pocket costs incurred of $27,622.28. The attorney fee award represents 30% of the $5,500,000 Settlement Fund after deducting the administrative costs of $515,000, incentive awards of $15,000 and attorney out of pocket costs of $27,622.28.

17.     The Court further approves the establishment of the Settlement Fund as set forth in the Settlement Agreement submitted by the Parties.

18.     This Settlement Fund will constitute Sunrun's exclusive payment obligation under the Settlement Agreement and will be used to pay: (a) Cash Benefits paid to Settlement Class Members, as prescribed by the Settlement Agreement; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any Incentive Award awarded to Representative Plaintiffs; (d) Settlement Administration Costs, including costs of notice (including CAFA Notice); and (e) any *cy pres* payment to the National Consumer Law Center. No portion of the Settlement Fund will be returned to Sunrun, except as provided in Section 11 of the Settlement Agreement, Termination of the Agreement.

19.     Any distribution of the Settlement Fund to the Settlement Class or any other person, other than the Settlement Administrator pursuant to the terms hereof, shall commence only after the Effective Date. The Aggregate Fees, Costs, and Expenses shall be paid from the Settlement Fund prior to any distribution of Cash Benefits to the Settlement Class. The remainder of the Settlement Fund shall be used to pay Cash Benefits in accordance with the rules set forth herein.

20. If any amounts remain in the Settlement Fund because Settlement Members fail to negotiate their respective Benefit Checks, such unclaimed monies shall be distributed as follows: (a) to the Settlement Class Members who cashed their initial Benefits Checks, to the extent such a distribution is administratively and economically feasible; and if not so feasible, (b) to the National Consumer Law Center, the *cy pres* designated recipient as appointed by the Court. No portion of the Settlement Fund will be returned to Sunrun, except as provided in Section 11 of the Settlement Agreement, Termination of the Agreement.

21. The Court further approves the establishment of the Settlement Fund as set forth in the Agreement.

22. Nothing in this Final Approval Order and Judgment, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Defendant.

23. In the event that the Settlement Agreement does not become effective according to its terms, this Final Approval Order and Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated and, all orders entered and released delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

24. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a Request for Exclusion), shall commence, continue, or prosecute any action or proceeding against Defendant or any or all Released Parties in any court or tribunal asserting any of the Released Claims defined in the Settlement Agreement, and are hereby permanently enjoined from so proceeding.

25. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties, and the administration and enforcement of the Settlement Agreement. Any disputes or controversies arising with respect to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights, as set forth above.

26. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

DATED: May  11 , 2021

_____
Richard Seeborg
Chief United States District Judge